STATE, EX REL. DAVID U. BROWN, v. THE TOWNSHIP COMMITTEE OF THE TOWNSHIP OF MULLICA, &c.

The act entitled "A further act concerning taxes, making the same a first lien on real estate, and to authorize sales for the payment of the same," approved March 14th, 1879, (*Pamph. L.*, *p.* 340,) applies to all townships, and has repealed inconsistent provisions of special laws providing for the sales of lands for taxes in townships.

On rule to show cause why *mandamus* should not issue.

Argued at February Term, 1886, before Justices SCUDDER and MAGIE.

For the relator, *James H. Nixon.*

For the defendants, *D. J. Pancoast.*

The opinion of the court was delivered by

MAGIE, J. David U. Brown, the collector of Mullica township, in Atlantic county, obtained, on affidavits, a rule requiring the township committee of that township to show cause why a *mandamus* should not issue to compel them to make and deliver to him warrants for the sale of lands for the

taxes of 1884. The rule has been brought to hearing by consent upon the affidavits on which it was allowed.

The contention of the township committee is, that by the act entitled "An act to facilitate the collection of taxes in the township of Mullica, in the county of Atlantic," approved February 20th, 1868, (*Pamph. L.*, *p.* 72,) sales of lands for unpaid taxes are to be made by the township committee, and that said act remains in force.

The contention of relator is that the provisions of that act have been superseded by those of the act entitled "A further act concerning taxes, making the same a first lien on real estate, and to authorize sales for the payment of the same," approved March 14th, 1879, (*Pamph. L.*, *p.* 340,) which require the sales to be made by the township collector.

This proceeding has been taken with a view of procuring a judicial determination upon the point raised by these contentions, which is of considerable importance, not only to the township here represented, but to other townships, to which the Mullica Township act has been extended.

The question involves the construction of the act of 1879 above referred to.

It has been well settled in this state that a general law on a subject matter, which has been provided for in certain localities by special laws, will not, although it contain a general repealer of acts inconsistent with it, annul or alter the special provisions in those localities. *State* v. *Brannin*, 3 *Zab.* 484; *State* v. *Clark*, 1 *Dutcher* 54; *Mayor* v. *Freeholders*, 11 *Vroom* 595.

But if the general law expressly repeals the special laws, or shows by implication a manifest intent to supersede their provisions, the latter must yield. *State* v. *Commissioners, &c.*, 8 *Vroom* 228; *S. C.*, 9 *Vroom* 472; *Freeholders* v. *Tilton*, 10 *Vroom* 605; *New Brunswick* v. *Williamson*, 15 *Vroom* 165; *S. C.*, 17 *Vroom* 204.

Whether, in view of the present constitutional requirements, that legislation upon certain subjects must be by general laws, it may not be necessary to establish, as a rule of

statutory construction, that general laws on such subjects must be considered as repealing all special laws on the same subjects, need not be considered. Upon the rules previously laid down the construction of this act is without difficulty.

By section 18 of the act of 1879, it was restricted from any operation in cities, villages or boroughs, and expressly declared to be intended to apply to townships.

By section 19, all acts and parts of acts inconsistent with its provisions, except as aforesaid, were expressly repealed. The exception manifestly applied to the cities, villages and boroughs, which were the subject of the restriction in the previous section.

Reading these sections together, the intent plainly appears to apply this act to all townships, and to repeal any inconsistent provisions anywhere existing, and to substitute in their place the scheme and provisions of this act.

The scheme of this act is repugnant to and inconsistent with the scheme of the Mullica Township act. The latter was therefore repealed by this act.

This view of the scope of the act of 1879 was expressed in *Johnson* v. *Van Horn,* 16 *Vroom* 136, and on re-examination I find no ground to modify the opinion then entertained.

But notwithstanding I feel thus constrained to yield to relator's contention upon the point of dispute, I am of opinion that he is not entitled to a *mandamus*.

By his affidavits it appears that the township committee have in fact advertised and sold the lands in that township for the taxes of 1884, and have given certificates of such sales to the purchasers.

It is thus shown that relator has stood by without applying for a *mandamus,* until the township officers, acting under an erroneous sense of their powers and duties, have actually completed sales of these lands. He appears to have no other interest in the matter than such as any other citizen of that township has, except the interest he may have in the fees of a sale. Under such circumstances, I think it questionable

whether at his instance this court ought to compel these officers to take steps which may subject them to actions. *State, Roll, pros.,* v. *Perrine,* 5 *Vroom* 254.

However this may be, the affidavits are otherwise insufficient to establish relator's right.

They do not clearly show that any taxes on real estate remain unpaid, while there is an indirect statement that taxes were and are still due and owing, yet it is also shown that the township committee sold these lands for such taxes and gave certificates to the purchasers, from which it may be inferred that the taxes were made by the sale.

In addition, it does not appear that the lands assessed were so described that they could be sold for taxes.

For these reasons I think no writ should issue, and the rule must be discharged.