WILLIAM J. LANDERS *vs.* WALTER H. REYNOLDS *et al.*

APRIL 6, 1961.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

FROST, J. This is a petition for a writ of mandamus brought in the superior court to direct the employees' retirement board of the city of Providence and the individual members thereof, hereinafter called the retirement board, to retain the petitioner's name on the city payroll and to require the city treasurer to continue paying to the petitioner his full salary as heretofore. The superior court granted the petition and it is now before us on the respondents' appeal from the final judgment entered by the trial justice.

The essential facts are not in dispute. The petitioner, a policeman of the city of Providence, was injured on March 14, 1956 while directing traffic and as a result thereof became totally and permanently incapacitated; that he continued to receive his full weekly salary until November 6, 1959 but since that date has not received it; and that on or about October 22, 1959 he was informed by letter from the retirement board that his name had been placed on accidental disability retirement to take effect as of November 1, 1959. It appears that the retirement board was cre-

ated and operates under the provisions of P. L. 1923, chap. 489, as amended, and that thereunder petitioner will receive but two thirds of his regular salary while so disabled plus an annuity.

The petitioner contends that he should receive the pay that he would receive were he not incapacitated, while respondents assert that, as a member of the retirement system, he should receive two thirds of the salary that he would receive were he not incapacitated plus an additional amount figured on the actuarial table.

The instant petition is the result of a conflict of views as to the effect, if any, of P. L. 1944, chap. 1479, as amended by P. L. 1952, chap. 2915, upon P. L. 1923, chap. 489, as amended.

Chapter 489 is entitled "An Act To Provide For The Retirement Of Employees Of The City Of Providence." It is a comprehensive act covering five different groups of employees, of which group 4 includes members of the fire department while group 5 includes members of the police department. The petitioner is a member of the retirement system. Section 9 (5) thereof has to do with accidental disability retirement of members by the retirement board. Under certain conditions and after examination by three physicians, the retirement board is required to retire a member. Upon retirement for accidental disability a member receives an annuity which is the actuarial equivalent of his accumulated deductions at the time of retirement, and a pension in addition to the annuity of sixty-six and two-thirds per cent of final compensation.

Approximately twenty-one years after the passage of chap. 489 the legislature passed chap. 1479, later amended by P. L. 1952, chap. 2915, to include firemen. The pertinent portion of said chapter reads as follows:

"Sec. 3. Whenever any police officer or fireman of any city or town shall be wholly or partially incapacitated by reason of injuries received or sickness con-

tracted in the performance of his duties, the respective city or town by which said police officer or fireman is employed, shall, during the period of such incapacity, pay such police officer or fireman the salary or wage to which the said police officer or fireman would be entitled had he not been so incapacitated.

"SEC. 2. This act shall take effect upon its passage and all acts and parts of acts inconsistent herewith are hereby repealed."

We are of the opinion that chap. 1479 did not repeal chap. 489. The latter chapter was a special act referring only to the city of Providence and not to all cities and towns, while chap. 1479 was a general statute applying to all municipalities in the state. General laws 1938, chap. 309, §24, now G. L. 1956, §43-3-26, requires that when a general provision shall be in conflict with a special provision relating to the same or a simlar subject, the two provisions shall be construed, if possible, so that effect may be given to both, and that if effect cannot be given to both the special provision shall prevail.

Chapter 1479 does not refer in terms to chap. 489, but it is urged that the words "all acts and parts of acts inconsistent herewith are hereby repealed" accomplish the repeal of the special statute. "A general act repealing all acts that are inconsistent with its provisions will usually be construed to refer to general statutes alone and not to include special or local laws." 50 Am. Jur., Statutes, §560, p. 562. See also 50 id. §561; 82 C.J.S. Statutes §298 b, p. 514; 82 id. §369, p. 839.

In *Bradley* v. *Quinn*, 53 R. I. 349, we stated at page 350, "Where two statutes are in apparent conflict they should—if reasonably possible—be so construed as to allow both to stand while giving force and effect to each. 59 C.J. 1042."

In *State* v. *Town Council*, 18 R. I. 258, at page 274, this court quoted with approval the language of Mr. Justice Magie of the state of New Jersey where he stated in *State ex rel. Brown* v. *Township Committee of the Township of*

*Mullica*, 48 N.J.L. 447 at page 448, " 'It has been well settled in this state that a general law on a subject matter, which has been provided for in certain localities by special law, will not, although it contain a general repeal of acts inconsistent with it, annul or alter the special provisions in those localities. * * * But if the general law expressly repeals the special laws, or shows by implication a manifest intent to supersede their provisions, the latter must yield.' "

In *Wells* v. *Price*, 183 Md. 443, a provision of the Baltimore city charter prescribing six months as the maximum period of confinement for non-payment of fines was not repealed by implication by a subsequent amendment to the state-wide law prescribing three months as the maximum period. At page 454 the court stated, referring to a trial court's opinion: "The conclusion there was that the repeal in question was accomplished and that, consequently, the charter provision is no longer operative. With this conclusion we cannot agree, for it is unsupported by both the common-law rule that a local statute shall not be held repealed except by clearly indicated purpose on the part of the legislature (*Alexander* v. *Mayor, etc., of Baltimore,* 53 Md. 100, 104; *State* v. *Falkenham,* 73 Md. 463, 21 A. 370); and by the fundamental rule of statutory construction that, in determining the legislative intent, the presumption is against repeal by implication."

Where a question arises as to the meaning of a statute or, as here, whether one statute repeals an earlier one or is in conflict with it, the underlying purpose of the court is to determine the intention of the legislature in passing the statute. It is the function of the legislature to pass statutes and of the court to interpret them, and in doing the latter to discover, if possible, the purpose or intent of the legislature in enacting them. When chap. 1479, a general statute, was passed few municipalities had retirement systems and the statute was passed as a protection to policemen injured on duty in such towns and cities. In Provi-

dence, where there was a retirement system, no further legislation was required to provide for men injured in the course of duty.

If chap. 1479 was intended to affect chap. 489, it seems remarkable that the legislature should pass P. L. 1947, chap. 1896, an act to establish a pension fund and retirement system for the Newport police department. By the terms of that act the management and operation of the pension and retirement fund were vested in the board of commissioners of the sinking fund and provision was made for a policeman who became physically or mentally incapacitated for the performance of duty. Such policeman receives an annual pension and retirement allowance for the remainder of his life at certain rates, depending on the grade or rank which he held for at least two years prior to his retirement.

So also the legislature passed an act authorizing the town of Johnston to provide for the retirement of policemen. P. L. 1958, chap. 63. Section 11 thereof made provision for the pay of a policeman retired for disability, the amount of the pension depending on the number of years that he had served.

It is our opinion that the passage of these two special acts, one for the city of Newport and the other for the town of Johnston, with provisions for retirement pay for policemen wholly unlike the provisions for retirement pay contained in chap. 1479, makes very clear the intention of the legislature in passing chap. 1479 to provide only for policemen in the municipalities without retirement acts and not by such statute to affect the retirement act of the city of Providence.

The respondents' appeal is sustained, the judgment appealed from is reversed, and the cause is remanded to the superior court for entry of judgment denying and dismissing the petition.

*Theodore A. Miller, Aram A. Arabian,* for petitioner.

*William E. McCabe,* City Solicitor, *Harry Goldstein,* Assistant City Solicitor, for City of Providence, respondent.