250 A.2d 849.
GENNARO SANTANELLI *et al. vs.* CITY OF PROVIDENCE *et al.*

MARCH 7, 1969.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

---

JOSLIN, J. This complaint for a declaratory judgment was brought in the superior court by Gennaro Santanelli, a retired fire fighter of the city of Providence. As briefed and argued the only question is the plaintiff's right to be reimbursed by the city for any future medical expenses he may incur in the treatment of an injury sustained prior to his retirement from the fire department and while he was engaged in the performance of his duties as a fire fighter. Two organizations whose membership consists respectively of Providence fire fighters and police department employees have joined as plaintiffs. They aver that their members may in the future find themselves in the same position as Santanelli. The presidents of these organizations are also plaintiffs. The defendants are the City of Providence, Hospital Service Corporation of Rhode Island (Blue Cross) and Rhode Island Medical Society (Physicians Service). In essential part, the superior court judgment, as we construe it, was that the city, irrespective of when Santanelli's injury may have occurred, is not responsible for any medical and hospital expenses or physician fees incurred subsequent to his retirement. Blue Cross, Physicians Service and the two organizational plaintiffs, as well as their respective presidents, have appealed.

The facts are stipulated, and there is no challenge to the appropriateness of declaratory judgment procedures as a means for resolving the differences which exist.

Santanelli became regularly employed by the city as a fire fighter at a fixed salary on August 5, 1957. He was

injured in the line of duty on November 23, 1960 and as a result became totally and permanently incapacitated for any further service. Three years later, on November 24, 1963, he was involuntarily placed on the accidental disability retirement list. In the interval between his injury and his retirement the city paid his full salary, as well as the medical and hospital bills incurred in connection with his incapacitating injury. Since retirement he has been receiving a disability pension from Providence pursuant to the provisions of a special act passed by the legislature (P. L. 1923, chap. 489, as amended) which provides for retirement benefits for Providence employees and is entitled "An Act To Provide For The Retirement Of Employees Of The City of Providence."

When Santanelli was advised by his physician that he was in need of further treatment and probable hospitalization for the disabling injury sustained in 1960, he inquired first of the city and then of Blue Cross and Physicians Service whether they would honor any medical bills he might thus incur. The city disclaimed any responsibility; Blue Cross and Physicians Service also denied liability. The possibility of a claim against either of those organizations arises out of Santanelli's membership therein under a group coverage plan paid for by the city. Faced with those disclaimers Santanelli commenced this proceeding to determine the extent of the city's responsibility. That is the only question we decide.

At issue is the meaning of G. L. 1956, §45-19-1, as amended,[1] and whether a Providence fire fighter involuntarily retired because of an injury sustained in the line of duty is

---

[1] In pertinent part, G. L. 1956, §45-19-1, as amended reads: "Whenever any police officer or fireman of any city or town shall be wholly or partially incapacitated by reason of injuries received or sickness contracted in the performance of his duties, the respective city or town by which said police officer or fireman is employed, shall, during the period of such incapacity, pay such police officer or fireman the salary or

thereafter entitled under that act to have the necessary medical expenses he may incur in the treatment of that injury paid for by the city. Concededly the act required such payments to be made for services received prior to retirement, and they were in fact made. The question before us, however, relates only to payment for necessary medical services rendered after the retirement of a Providence fire fighter. On that narrow question, the city's position is that its obligation under §45-19-1, as amended, terminate once an injured fire fighter has retired, and that thereafter the extent of the retired employee's benefits, as well as the city's obligations, are measured by the provisions of the special retirement act and not by those of the general statute.

The plaintiff as well as Blue Cross and Physicians Service disagree. They say that a fire fighter injured in the line of duty, and thereafter retired, is entitled under §45-19-1, as amended, to be reimbursed for necessary medical expenses he may incur, either before or after retirement, so long as they are for the care and treatment of the original incapacitating injury. If their contentions are correct, Blue Cross and Physicians Service say they will avoid responsibility because their respective plans do not extend benefits to subscribers who are otherwise entitled to medical benefits under state or municipal law. Our concern, however, is not with whether they are responsible, but only with whether the city is.

In our judgment *Landers* v. *Reynolds*, 92 R. I. 403, 169 A.2d 367, is dispositive of the question before us. In that case a Providence policeman was placed on the accidental disability retirement list as the direct result of a perma-

wage to which the said police officer or fireman would be entitled had he not been so incapacitated, and in addition thereto shall pay such medical, surgical, dental, optical, or other attendance or treatment, nurses and hospital services, medicines, crutches and apparatus for such period as is necessary."

nently disabling injury sustained while on duty. The question was whether he should have received the full pay which under §45-19-1, as then amended, a police officer injured in the performance of his duty was entitled to receive during the period of his incapacity, or whether alternatively he should have beeen paid the two-thirds of his regular salary plus an annuity which was the amount required to be paid by the city under the provisions of the Providence Retirement Act. We found that the legislature, although it had provided in §45-19-1, as then amended, generally for salary payments to a police officer incapacitated by reason of injuries or sickness contracted in the performance of duty, had not intended thereby to repeal the prior special legislation enacted solely for the benefit of retiring city of Providence employees. Our specific holding was that the legislature had intended that the special prevail over the general legislation, and that a Providence police officer's benefits, once he retired, were to be determined under the special retirement act rather than under the general legislation.

In attempting to avoid the *Landers* holding, the appellants make two arguments. First they suggest that we did not there correctly interpret the legislative intent and that we should, therefore, overrule *Landers*. Were they correct in that judgment, the legislature, which has several times met since that decision was announced, would in all probability have corrected what they suggest was our error by amending the law so as to leave no doubt that it had intended that the general legislation would prevail over the special enactment. In the absence of any action on its part, however, it is not presumptive for us to assume that the *Landers* interpretation met with general assembly approval. *Order of St. Benedict* v. *Town Council*, 84 R. I.

503, 507, 125 A.2d 150, 152; *Sampson v. Sampson,* 16 R. I. 456, 457, 16 A. 711.

The appellants' second argument is that in *Landers* the question was not whether, but under what act, general or special, a retiring officer should be paid; and that in this case the question is whether, not under what act, the disabled retired fire fighter is entitled to any payments at all for medical expenses. They continue by saying that *Landers* may be justified because the disabled employee, even though retired, was entitled to a pension or salary continuance under one or the other of the two acts, whereas in the present situation it is only to the general act that such an employee can look for payment of his medical expenses. In such circumstances, the argument concludes we should not impute to the legislature an intention that the special enactment should prevail over the general and thereby deprive a retired Providence employee of medical benefits which his counterpart in some other town or city may claim. While the distinction between the two cases which they observe is apparent, its existence in no wise detracts from the *Landers* holding that the legislative intention was that a Providence police officer or fire fighter, once retired, must look for benefits, be they pension rights, retirement pay, or medical and hospital expenses, to the special Providence Retirement Act rather than to the general act. If the benefits he finds there are less favorable than those which other municipalities are required under the general legislation to provide for others similarly situated, his recourse lies within the legislature and not with the courts.

The judgment appealed from is affirmed.

*Hogan & Hogan, Edward T. Hogan,* for plaintiffs.

*Robert J. McOsker,* City Solicitor, *Vincent J. Piccirilli,* Deputy City Solicitor, for City of Providence.

*William E. McCabe,* for Rhode Island Medical Society Physicians Service.

*Edwin H. Hastings,* for Hospital Service Corporation of Rhode Island.