## POLICE AND FIREFIGHTER'S RETIREMENT ASSOCIATION OF PROVIDENCE et al.

v.

### John H. NORBERG, Tax Administrator.

### 82–224–M.P.

Supreme Court of Rhode Island.

June 5, 1984.

Kevin A. McKenna, McKenna, Greenwood & Feinstein, Providence, for plaintiffs.

Dennis J. Roberts II, Atty. Gen., Susan E. McGuirl, Asst. Atty. Gen., Perry Shatkin, Chief Legal Counsel and Marcia McGair-Ippolito, Attys. for the R.I. Div. of Taxation, Providence, for defendant.

OPINION

WEISBERGER, Justice.

This case comes before us on a petition for certiorari from a judgment of the Superior Court which affirmed a ruling of the tax administrator rendered pursuant to the authority granted by G.L.1956 (1977 Reenactment) § 42–35–8. After an adverse ruling from the tax administrator, the petitioners appealed to the Superior Court in accordance with § 42–35–15, as amended by P.L.1981, ch. 40, § 1. While the case was pending before the Superior Court, the petitioners and the respondent certified the proceeding by consent order as being a class proceeding brought on behalf of the members and the beneficiaries of the employees' retirement system of the city of Providence. We grant the petition and quash the judgment of the Superior Court. The facts in the case are undisputed.

The petitioners have claimed that their pension benefits should be exempt from the state personal income tax by virtue of the provisions of P.L.1923, ch. 489, § 14, as amended by P.L.1963, ch. 151, § 8. This act set forth the exemption in an amended § 15 which reads as follows:

"The right of a member or beneficiary to a pension, an annuity, a retirement allowance, to the return of contributions, any benefit or right accrued or accruing to any person under the provisions of this act, and the monies in the various funds created hereunder, *shall be exempt from any state or municipal tax,* and, except as specifically provided under this chapter, they shall not be assignable, subject to execution, garnishment, attachment, the operation of bankruptcy or insolvency law, or any other similar process of law." (Emphasis added.)

Both in 1923 and 1963 the State of Rhode Island had not enacted a personal income tax. That tax was imposed by G.L.1956 chapter 30 of title 44 enacted in 1971. Section 44–30–12(c) of that act, which defines adjusted gross income for tax purposes, does not purport to provide an exemption for state or municipal pensions as claimed by the petitioners. Consequently, the sole question before this court is whether the provisions of the general statute or those of the special act are controlling.

In other contexts the provisions of P.L. 1923, ch. 489, have been construed as a special act that determined the benefits to be paid to members of the employees' retirement system of the city of Providence. It has further been held that subsequently enacted provisions of the General Laws did not supersede or repeal this special act by implication. *See Santanelli v. City of Providence,* 105 R.I. 208, 212, 250

A.2d 849, 851 (1969); *Landers v. Reynolds,* 92 R.I. 403, 407–08, 169 A.2d 367, 369 (1961). In *Landers* this court applied the familiar construction "when a general provision shall be in conflict with a special provision relating to the same or a similar subject, the two provisions shall be construed, if possible, so that effect may be given to both, and that if effect cannot be given to both the special provision shall prevail." *Id.* at 406, 169 A.2d at 368. Such a construction both then and now is mandated by G.L.1956 (1980 Reenactment) § 43–3–26.

It appears that the terms of P.L.1923, ch. 489, § 14 are plain and unambiguous on their face since that act provides that "a pension, an annuity, a retirement allowance * * * under the provisions of this act * * * are hereby made exempt from any state or municipal tax." It is a well-established principle that statutes that are clear and unambiguous should be accorded the plain and ordinary meaning of the words set forth therein. *Rule v. Rhode Island Department of Transportation,* R.I., 427 A.2d 1305, 1310 (1981); *Vaudreuil v. Nelson Engineering and Construction Co.,* 121 R.I. 418, 421, 399 A.2d 1220, 1222 (1979). The language of this statute exempting these pension benefits from any state or municipal tax could not be more explicit or definite. The tax administrator argues that this statutory language was intended to apply to state and local taxes that existed at the time of the enactment of the law. Since there was no state income tax at that time and since there has never been a municipal income tax in this state, it would be difficult indeed to discern what tax then existing the Legislature had in mind in creating this exemption. We do not construe a statute in such a fashion as to render its terms meaningless or to make its effect nugatory. *See Town of Scituate v. O'Rourke,* 103 R.I. 499, 509, 239 A.2d 176, 182 (1968); *Ewing v. Frank,* 103 R.I. 96, 101, 234 A.2d 840, 844 (1967). It has long been a cardinal rule of construction that every word in a statute is to be given its full effect and that such words are not to be disregarded as surplusage if any other construction is possible. *State v. Reis,* R.I., 430 A.2d 749, 752 (1981); *Providence Journal Co. v. Mason,* 116 R.I. 614, 624, 359 A.2d 682, 687 (1976); *In the Matter of Shepard Co.,* 115 R.I. 290, 298, 342 A.2d 918, 924 (1975). Therefore, in order to make the language of this exemption meaningful, we must construe the Legislature's intent as the granting of an exemption to such state or municipal taxes as might then apply or might thereafter become applicable. The personal income tax statute would doubtless for the first time add a significant dimension to this exemption.

■ Since P.L.1923, ch. 489, has twice been construed by this court as a special act within the meaning of § 43–3–26 and since it cannot be construed in harmony with § 44–30–12, then the special act must prevail. *See Santanelli v. City of Providence* 105 R.I. at 210–11, 250 A.2d at 850; *Landers v. Reynolds,* 92 R.I. at 406, 169 A.2d at 368.

In the event that the exemption accorded by the special act to the members of the employees' retirement system of the city of Providence creates disharmony in the application of the Rhode Island personal income tax, that disharmony is appropriate for correction by the Legislature and not by this court. It should be noted, however, that in both *Santanelli* and *Landers,* employees of the city of Providence, by virtue of this special act, were held to be entitled to lesser benefits than those that they would have received had the benefits been governed by general statutes thereafter enacted. It may be a form of poetic justice that the same statutory construction on this occasion accords the employees of the city of Providence a tax advantage.

For the reasons stated, the petition for certiorari is granted, the judgment of the Superior Court is hereby quashed, and the papers in the case may be remanded to the Superior Court with our decision endorsed thereon.