George W. LINNANE et al.

v.

R.   Gary CLARK, Tax Administrator.

Thomas and Ethel HAMILTON et al.

v.

R.   Gary CLARK, Tax Administrator.

Nos. 87–478–M.P., 88–192–M.P.

Supreme Court of Rhode Island.

April 19, 1989.

Richard A. Skolnik, Lipsey & Skolnik and Jean Rosiello, Providence, for taxpayers.

Marcia McGair Ippolito, Chief Legal Officer, and Bernard J. Lemos, Legal Officer, Div. of Taxation, for tax administrator.

## OPINION

WEISBERGER, Justice.

These consolidated petitions for certiorari come before us to review two judgments of the District Court, one judgment (Hamilton and Bidlack) No. 88–192–M.P. favored the position of the tax administrator.   The other judgment (Linnane) No. 87–478–M.P. favored the taxpayers.   Since the taxpayers are the petitioners in the former and the tax administrator is the petitioner in the latter, we shall hereinafter refer to the parties as taxpayers and tax administrator without reference to their status as petitioners or respondent.   The parties have entered into agreed statements of fact in all cases.   The facts as set forth in these agreed statements, insofar as pertinent to the petitions for certiorari, are as follows.

Certain taxpayers have paid state income taxes upon pension benefits received as retired state employees from the Rhode Island state employees' retirement system.   Certain taxpayers have paid state income taxes upon pension benefits received as former municipal employees who are also paid benefits from the Rhode Island employees' retirement system.   All the taxpayers filed refund claims for varying periods as far back as 1981.   All refund claims, though timely filed, were denied.

The District Court in No. 88–192–M.P. (Hamilton and Bidlack) denied the claims entirely, and the District Court in No. 87–478–M.P. (Linnane) granted the refund claim in part.   Both courts considered the effect of statutory exemptions of such pension funds, the effect upon such exemptions of the later enactment of the state income tax in 1971, and a purported repealer of statutory exemptions by P.L.1985, ch. 496.   For reasons that will later be set forth in this opinion, we believe that the statutory exemptions of pension benefits were repealed by the state income tax statute enacted by P.L.1971, ch. 8, art.   I, and amended by P.L.1971, ch. 204, art.   III, and later codified as G.L.1956 chapter 30 of title 44.   We shall begin by considering the effect of the statutory exemptions.   These exemptions were first set forth many years prior to the enactment of the state income tax and were later codified for municipal employees as G.L.1956 § 45–21–45, which reads as follows:

"The right of a member or beneficiary to a pension, an annuity, a retirement allowance, to the return of contributions, any benefit or right accrued or accruing to any person under the provisions of this chapter, and the moneys of the retirement system created hereunder, are hereby made exempt from any municipal tax or state tax."

The statutory exemptions from taxation of pension benefits in respect to state employees was codified as G.L.1956 § 36–10–32, which reads as follows:

"The right of a member or beneficiary to a pension, an annuity, a retirement allowance, to the return of contributions, any benefit or right accrued or accruing to any person under the provisions of chapters 8 to 10, inclusive, of this title, and the monies in the various funds created hereunder, are hereby made exempt from any state or municipal tax."

It should be noted that § 45–21–45 was originally enacted in 1951 by P.L.1951, ch. 2784, § 16. Section 36–10–32 was originally enacted in 1936 by P.L.1936, ch. 2334 § 12. Both sections predated the income tax statute by twenty years, and thirty-five years, respectively.

When the income tax statute was enacted in 1971, P.L.1971, ch. 8, part II, it contained a definition, in § 44–30–12, of "Rhode Island income of a resident individual" as follows:

"(a) General.—The Rhode Island adjusted gross income of a resident individual means his adjusted gross income for federal income tax purposes, with the modifications specified in this section.

"(b) Modifications Increasing Federal Adjusted Gross Income.—There shall be added to federal adjusted gross income:

(1) Interest income on obligations of any state, or its political subdivisions, other than Rhode Island or its political subdivisions;

(2) Interest or dividend income on obligations or securities of any authority, commission, or instrumentality of the United States, but not of Rhode Island or its political subdivisions, to the extent exempted by the laws of the United States from federal income tax but not from state income taxes.

"(c) Modifications Reducing Federal Adjusted Gross Income.—There shall be subtracted from federal adjusted gross income any interest income on obligations of the United States and its possessions to the extent includible in gross income for federal income tax purposes, and any interest or dividend income on obligations or securities of any authority, commission or instrumentality of the United States to the extent includible in gross income for federal income tax purposes but exempt from state income taxes under the laws of the United States; provided that the amount to be subtracted shall in any case be reduced by any interest on indebtedness incurred or continued to purchase or carry obligations or securities the income of which is exempt from Rhode Island personal income tax, to the extent such interest has been deducted in determining federal adjusted gross income or taxable income."

None of the modifications set forth in § 44–30–12 purported to include or did include an exemption for pension benefits of either municipal or state employees. Section 44–30–12 was enacted in its present form by P.L.1971, ch. 204, art. III, part II. This chapter (204) set forth in art. V, § 1, that "[t]his act shall take effect upon its passage, and all acts and parts of acts inconsistent herewith are hereby repealed."

It is argued by the taxpayers that the income tax statute did not repeal specifically or by implication the statutory exemptions contained in §§ 45–21–45 and 36–10–32. The taxpayers assert that these exemption statutes were special acts and would remain undisturbed by the passage of a general statute such as the income tax statute, particularly § 44–30–12. As authority for this proposition they cite our opinion in *Police and Firefighter's Retirement Association of Providence v. Norberg*, 476 A.2d 1034 (R.I.1984). In that case we determined that a statutory exemption for pension benefits given to Providence firefighters by P.L.1923, ch. 489, § 14, as amended by P.L.1963, ch. 151, § 8,

was not specifically or impliedly repealed by chapter 30 of title 44 as enacted in 1971. In that case we cited *Santanelli v. City of Providence*, 105 R.I. 208, 250 A.2d 849 (1969), and *Landers v. Reynolds*, 92 R.I. 403, 169 A.2d 367 (1961). In *Santanelli* we held that disability benefits provided by a general statute for firefighters in G.L.1956 § 45–19–1 were not controlling since the special act applicable to Providence, P.L. 1923, ch. 489, was not altered or amended by enactment of the general benefits for firefighters of all municipalities under the statutory construction that the special enactment should prevail over the general in such circumstances. In *Landers* we earlier held that a statewide statute applying to all cities and towns relating to accidental disability benefits for police officers or firefighters did not have the effect of repealing the retirement act enacted by P.L.1923, ch. 489, as amended, which applied solely to the city of Providence. It should be noted that P.L.1944, ch. 1479, which provided for benefits for police officers and as amended by P.L.1952, ch. 2915, for firefighters, was referred to throughout as a *general* statute, even though it applied only to police officers and firefighters. It was referred to as a general statute because it applied statewide. Similarly in *Santanelli*, § 45–19–1, which was the codification of P.L.1944, ch. 1479, was considered a *general* statute even though it applied only to police officers and firefighters at that time.

Consequently our holding in *Police and Firefighter's Retirement Association of Providence v. Norberg, supra,* was based upon our interpretation that P.L.1923, ch. 489, was a special act within the meaning of G.L.1956 (1980 Reenactment) § 43–3–26. This statute mandates that "when a general provision shall be in conflict with a special provision relating to the same or a similar subject, the two provisions shall be construed, if possible, so that effect may be given to both, and that if effect cannot be given to both the special provision shall prevail." 476 A.2d at 1036 (quoting *Landers,* 92 R.I. at 406, 169 A.2d at 368).

It should be borne in mind that the general provisions in both *Santanelli* and *Landers* were statewide statutes dealing with police officers and firefighters as opposed to a special act applicable only to the city of Providence.

The taxpayers argue that in *Brennan v. Kirby*, 529 A.2d 633 (R.I.1987), we construed P.L.1985, ch. 181, art. 64, which purported to create a limited remedy for violation of G.L.1956 § 30–21–3 (which afforded seniority rights to veterans), as a specific repealer and that therefore the terms of § 43–3–22 did not save the veterans-benefit statute from repeal. In *Brennan* we were not confronted with the special act—general act dilemma. Both statutes were of statewide application and were therefore general. We were there dealing with legislative intent. In light of the language of article 64, there could be no doubt of the intention to repeal remedies retroactively. The reference to § 43–3–22 was not necessary to the holding in the case and merely constituted dictum. Obviously, a specific intention to repeal certain remedies contained in § 30–21–3 was unmistakable in that particular case.

In the case at bar, unlike that of *Police and Firefighter's Retirement Association of Providence,* we are dealing with three general statutes of statewide application. Section 36–10–32 dealt with the tax exemption of state employees. Section 45–21–45 dealt with the tax exemption of municipal employees. Section 44–30–12 as enacted by P.L.1971, ch. 204, art. III, part II, dealt with the taxation of all Rhode Island residents. Although all statutes were general and statewide in their application, § 44–30–12 was the latest and most comprehensive statute relating to this subject matter. *City of Providence v. Public Utilities Commission,* 414 A.2d 465 (R.I.1980); *Berthiaume v. School Committee of Woonsocket,* 121 R.I. 243, 397 A.2d 889 (1979). We are of the opinion that the later and more comprehensive statute should prevail and that § 44–30–12 therefore specifically repealed the inconsistent portions of all preceding statutory enactments, including §§ 36–10–32 and 45–21–45, insofar as such statutes would otherwise purport to exempt retirement benefits from the state income tax. Our determination in

this respect is similar to that reached by a sister jurisdiction when faced with an almost identical problem in *Blair v. State Tax Assessor*, 485 A.2d 957 (Me.1984).

In light of our interpretation of the effect of the income tax statute upon the purported exemptions contained in § 36–10–32 and § 45–21–45, it is unnecessary for us to consider the constitutionality of the retroactive provisions contained in P.L.1985, ch. 496, since the exemptions were in any event prospectively repealed by G.L.1956 § 44–30–12 as enacted in 1971 by P.L.1971, ch. 204.

For the reasons stated, we affirm the judgment entered by the District Court in No. 88–192–M.P. and quash the judgment entered by the District Court in No. 87–478–M.P. We remand the papers in both cases to the District Court with our decision endorsed thereon.