**Maurice BOUCHARD, et al.**

v.

**R. Gary CLARK, Tax Administrator.**

**No. 88–287–M.P.**

Supreme Court of Rhode Island.

Nov. 1, 1990.

Zvi H. Smith, DiSandro–Smith & Associates, Inc., Providence, for petitioners.

Marcia McGair Ippolito, Chief, Div. of Taxation, Bernard J. Lemos, Div. of Taxation, for respondent.

OPINION

FAY, Chief Justice.

The petitioners, Maurice and Lucille Bouchard, appeal by means of a writ of certiorari from a District Court judgment in favor of the respondent, R. Gary Clark, tax administrator, denying the petitioners' request for a refund of state income taxes paid on federal pension benefits. Additionally the petitioners assert, for the first time on appeal, that the taxation of federal pension benefits by the State of Rhode Island

is unconstitutionally discriminatory toward retired federal employees. We affirm the judgment of the District Court denying the petitioners a refund of state taxes paid on the federal pension, and we refuse to consider the constitutional issue raised by the petitioners for the first time on appeal.

The parties herein have entered into an agreed statement of undisputed facts. These agreed facts, as relevant to the case at hand, are as follows.

The petitioners are husband and wife. For all times pertinent to this petition they were residents of the State of Rhode Island. The respondent is tax administrator for the State of Rhode Island. The petitioner Maurice Bouchard was an employee of the Internal Revenue Service until his retirement in 1980. Since then petitioner has received pension benefits from the Civil Service Retirement and Disability Fund.

The petitioners filed joint personal income tax returns in Rhode Island for the years 1981 through 1984 inclusive. The petitioners paid state income tax on money received from Maurice Bouchard's federal pension on each of these tax returns. In 1985 petitioners filed an amended personal income tax return in Rhode Island. This 1985 amended tax return sought a refund of moneys paid in state income taxes on Maurice Bouchard's federal pension benefits for the years 1981 through 1984.

On November 2, 1985, respondent denied petitioners' refund claim, and petitioners subsequently filed a timely request for an administrative hearing. The petitioners' refund claim was denied again on December 1, 1986, pursuant to a final decision and order issued by respondent following the administrative review. In a complaint timely filed on December 26, 1986, in District Court, petitioners sought review of respondent's final decision and order of December 1, 1986.

In their complaint petitioners alleged that money received from Maurice Bouchard's federal pension was exempt from state income taxation. Additionally petitioners contended that since the money Maurice Bouchard received from his federal pension was tax exempt, the couple was entitled to a refund of taxes paid on this income. On June 8, 1988, a de novo trial was held in District Court. Once again petitioners' claim for a refund was denied.

Resolution of petitioners' contention of tax-exempt status of Maurice Bouchard's federal pension from state personal-income taxation was settled during the pendency of this appeal. In *Linnane v. Clark*, 557 A.2d 477 (R.I.1989), a consolidated case decided by this court on April 19, 1989, we ruled that the Rhode Island state income tax statute, enacted by P.L.1971, ch. 8, art. I, and amended by P.L.1971, ch. 204, art. III, and codified at G.L.1956 (1988 Reenactment) chapter 30 of title 44, repealed statutory tax exemptions of pension benefits from state income tax. *Id.* at 477. On the basis of our decision in *Linnane*, petitioners' tax refund request was properly denied.

The petitioners' allegation that the taxing of Maurice Bouchard's federal pension is unconstitutional, in that it discriminates against retired federal employees, may also be quickly disposed of. The petitioners allege that because this court has upheld the validity of tax exemptions for pension benefits received by retired workers for the city of Providence, taxation of pension benefits received by retired federal employees unconstitutionally discriminates against retired federal employees. *See Police And Firefighter's Retirement Association of Providence v. Norberg*, 476 A.2d 1034 (R.I.1984).

The petitioners raise this constitutional issue for the first time on appeal. It is an established rule of law in Rhode Island that this court will not consider an issue raised for the first time on appeal that was not properly presented before the trial court. *See, e.g., Rhode Island Hospital Trust National Bank v. de Beru*, 553 A.2d 544, 547 (R.I.1989); *State v. Burke*, 522 A.2d 725, 731 (R.I.1987); *Greenwood v. Rahill*, 122 R.I. 759, 764, 412 A.2d 228, 230 (1980).

It is true that this court has established an exception to the "raise or waive" rule. *See Burke*, 522 A.2d at 731. In the case at hand, however, the petitioners do not come

within the exception as set out in *Burke.* Therefore, because the petitioners did not properly present their constitutional claim before the trial court, we shall not review it here.

For the reasons stated, the Bouchards' petition for certiorari is denied, and the writ heretofore issued is quashed. The judgment of the District Court denying the petitioners a tax refund is affirmed, and the papers in this case are remanded to the District Court with our decision endorsed thereon.