### David M. HARRINGTON

v.

### Robert E. FARLAND et al.

### No. 92–403–Appeal.

Supreme Court of Rhode Island.

March 10, 1994.

Heath Comley, Donald Page, Providence.

James Marusak, Providence.

### ORDER

This matter came before the Supreme Court on March 4, 1994, pursuant to an order directing the parties to show cause why the issues raised in this appeal should not be

summarily decided. David M. Harrington, plaintiff, appeals from a Superior Court judgment in favor of Bacon Construction Company.

The plaintiff had initially brought suit against Robert Farland (driver of the vehicle in which plaintiff was a passenger when he was injured), Union Paper Company (which was dismissed as a party by stipulation), and Bacon Construction, against whom plaintiff's motion for a new trial was denied. The trial justice directed that judgment enter in favor of Bacon Construction in accordance with Rule 54(b) of Superior Court Rules of Civil Procedure, from which action plaintiff appeals.

The plaintiff contends that the trial justice abused his discretion by excluding photographs that were offered into evidence by plaintiff. After requesting that a set of photographs be marked for identification, plaintiff failed to later offer the photographs into evidence. Consequently, no ruling as to their admissibility was rendered.

Because the photographs were not offered into evidence, the issue of their admissibility has been waived. The plaintiff further argues that he should have been allowed to authenticate the photos with the issue of their accuracy a question of fact for the jury. The plaintiff, however, argued that the photographs showed a subsequent repair by the defendant, without raising the issue of authentication at trial, and thus that issue also is waived. *Bouchard v. Clarke*, 581 A.2d 715, 716 (R.I.1990).

For these reasons the plaintiff's appeal is denied and dismissed and the judgment of the trial court is affirmed.