Robert SLEICHER

v.

Nancy SLEICHER.

No. 94–29–Appeal.

Supreme Court of Rhode Island.

Feb. 17, 1995.

Guy J. Wells, East Providence.

Arthur M. Read, II, Providence.

## ORDER

This matter came before a panel of the Supreme Court on February 7, 1995, pursuant to an order directing the plaintiff to show cause why his appeal should not be denied and dismissed. In this case the plaintiff husband appeals from a Family Court order finding him in contempt of a final judgment of divorce for failing to provide medical insurance coverage for the benefit of Nancy Sleicher, his former wife. The parties were divorced by a final judgment entered on March 26, 1981. That judgment, which did not merge with the final divorce, required plaintiff to pay alimony to defendant and to maintain medical insurance coverage for the benefit of defendant.

After reviewing the memoranda submitted by the parties and after hearing their counsel in oral argument, this court concludes that cause has not been shown. The issues will be summarily decided at this time.

Between October 20, 1981, and December 29, 1988, plaintiff was found by either judgment or consent decree to be in contempt three times for failing to pay alimony. On July 21, 1989, defendant filed another com-

plaint seeking to hold plaintiff in contempt once again for failing to pay alimony. After several days of testimony the parties informed the general master that they had reached an agreement. The consent order stated "it appears to the parties that they should mutually agree to the settlement of questions relating to such claim of past and future alimony." It provided that plaintiff was to pay defendant $65,000.

On July 26, 1991, defendant filed a new complaint seeking to adjudge plaintiff in contempt for failing to provide and maintain medical insurance for her benefit. The plaintiff answered and claimed the defenses of accord and satisfaction, laches, and impossibility. From January 8, 1992 to May 8, 1992 hearing on defendant's complaint was continued six times over defendant's objection.

After plaintiff had obtained the transcript in October 1989 he filed a motion for summary judgment. Following the hearing, plaintiff's motion for summary judgment was denied.

On October 26, 1993, defendant's motion to adjudge plaintiff in contempt was heard before the General Master. The plaintiff was not present at the hearing. The Master ruled that a physician's letter accompanied by an affidavit presented by defendant's attorney was insufficient to support a continuance for health reasons but he continued the matter until November 2. On November 2, 1993, the general master commenced the hearing that resulted in the order requiring plaintiff to pay for medical insurance.

On appeal plaintiff argues that the general master erred in setting the case down for trial in the face of a clear agreement made by defendant in open court on October 20, 1989, that there would be no more hearings. This court is of the opinion that the transcript in October 1989 and consent order did not support plaintiff's argument. The settlement reached before the general master had to do with the existing arrearage of alimony, not future unpaid medical insurance costs.

Second, plaintiff argues that Master O'Brien erred in failing to apply the doctrine of equitable estoppel. Since plaintiff did not raise this defense in his answer to defendant's complaint, nor did he argue this issue to Master O'Brien during the contempt proceedings, it is not properly before this court. *See Bouchard v. Clark*, 581 A.2d 715, 716 (R.I.1990). On its merits, that argument would fail.

Third, plaintiff's contention that Master O'Brien abused his discretion in setting the matter down for trial in the face of the medical affidavit is without merit. The documents presented did not constitute a medical reason for plaintiff's failure to appear. There is no merit to this argument.

Finally, plaintiff argues that tl e General Master erred in refusing a continuance so that a deposition of the plaintiff could be taken. If plaintiff's attorney knew that his client would not be able to travel for medical reasons on October 26, 1993, he should not have waited until the November 2 hearing to offer to take his client's deposition. The master did not abuse his discretion in refusing the plaintiff's request for a continuance. He stated:

"I afforded you an opportunity over [defendant's] strenuous objection continuing the matter to today's date to give me something to satisfy me that this man [the plaintiff] was in fact disabled and could not be here. You've not done that."

For all these reasons the plaintiff's appeal is denied and dismissed, the orders and judgments appealed from are affirmed and the papers of the case are remanded to the Family Court.

LEDERBERG, J., did not participate.