February 4, 2025

**Supreme Court**

No. 2023-330-Appeal.
(PC 20-8024)

The Providence Retired Police and   :
    Firefighter's Association

v.                :

The City of Providence, by and through   :
    its Treasurer, James J. Lombardi.

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

The Providence Retired Police and     :
    Firefighter's Association

v.                 :

The City of Providence, by and through   :
    its Treasurer, James J. Lombardi.

Present: Suttell, C.J., Goldberg, Robinson, and Long, JJ.

**O P I N I O N**

**Justice Long, for the Court.** The City of Providence (the city), by and through its Treasurer James J. Lombardi,[1] appeals from the entry of partial summary judgment in favor of the plaintiff, the Providence Retired Police and Firefighter's Association (the Association or plaintiff), on its claim for declaratory judgment regarding entitlement to occupational cancer disability benefits under G.L. 1956 chapter 19.1 of title 45, "Cancer Benefits for Fire Fighters" (the act). This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided.

---

[1] During the pendency of this case, Shomari Husband replaced James Lombardi as the treasurer for the City of Providence.

- 1 -

After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and that we may decide this case without further briefing or argument. For the reasons set forth in this opinion, we vacate the judgment of the Superior Court.

## Facts

The facts relevant to this appeal are taken from the parties' agreed statement of facts filed in support of their cross-motions for partial summary judgment. *See Hagenberg v. Avedisian*, 879 A.2d 436, 441 (R.I. 2005).

## Legislative Background

This appeal concerns retirement benefits programs administered by the city and the State of Rhode Island. In 1923 the General Assembly enacted P.L. 1923, ch. 489 ("An Act to Provide for the Retirement of Employees of the City of Providence") (the Providence System). Under the Providence System, the General Assembly retained authority to legislate retirement benefits, including accidental-disability retirement benefits, for city employees. Once the Providence Home Rule Charter was enacted in 1980 and ratified in 1983, however, the Providence City Council (city council) replaced the General Assembly as the legislative body with authority to establish the city's municipal pension program. *See Betz v. Paolino*, 605 A.2d 837, 838 (R.I. 1992). In 1936, long before the city council assumed control of the Providence System, the General Assembly created the "Employees Retirement

- 2 -

System of the State of Rhode Island" (ERSRI), and later, in 1951, the "Municipal Employees Retirement System" (MERS). The General Assembly subsequently established within MERS the "Optional Retirement for Members of Police Force and Firefighters" in 1968. Participation by a municipality in MERS and its programs is voluntary. Municipalities that choose to participate in MERS have access to alternative retirement plans with accidental-disability benefits managed by ERSRI.

### a. General Laws 1956 Chapter 19.1 of Title 45

In 1986, after the city council assumed control of the Providence System, the General Assembly established the act, which defined "occupational cancer" as "a cancer arising out of [a person's] employment as a fire fighter, due to injury from exposures to smoke, fumes, or carcinogenic, poisonous, toxic, or chemical substances while in the performance of active duty in the fire department." General Laws 1956 § 45-19.1-2(d). The act provided, in relevant part:

> "Any fire fighter, including one employed by the state, or a municipal fire fighter employed by a municipality that participates in the optional retirement for police officers and fire fighters * * * who is unable to perform his or her duties in the fire department by reason of a disabling occupational cancer * * * and any retired member of the fire department of any city or town who develops occupational cancer, is entitled to receive an occupational cancer disability, and he or she is entitled to all of the benefits provided for in chapters 19, 21 and 21.2 of this title and chapter 10 of title 36 if the fire fighter is employed by the state." Section 45-19.1-3(a).

- 3 -

In 2019 this Court considered the act in *Lang v. Municipal Employees' Retirement System of Rhode Island*, 222 A.3d 912 (R.I. 2019); we held that the act "does not contain a conclusive * * * presumption that all cancers in firefighters are occupational cancers." *Lang*, 222 A.3d at 922. The General Assembly subsequently amended the act to include § 45-19.1-4(a), which provides that "[a]ny type of cancer found in a firefighter is conclusively presumed to be an occupational cancer as that term is defined in § 45-19.1-2."

### b. Ordinance Establishing a Presumptive Cancer Benefits and Wellness Incentive for Firefighters

The city does not participate in MERS. Instead, when the city council obtained authority over the Providence System in 1983, the Providence System became part of the local ordinances. In 2008 the city council enacted an "Ordinance Establishing a Presumptive Cancer Benefits & Wellness Incentive for Firefighters" (the ordinance). Section 2 of the ordinance provides, in relevant part:

> "There shall exist a presumption that a firefighter employed by the City of Providence who suffers from cancer * * * resulting in total or partial disability, developed the cancer during the course and scope of employment with the City of Providence as a firefighter, if the following requirements are met and maintained:
>
> > "(a) Prior to entering service with the City of Providence Fire Department as a firefighter, the individual shall submit to a physical examination by a physician engaged by the director of human

resources or the fire department that fails to reveal evidence of cancer.

"(b) The individual shall submit to annual physical exams administered by a physician engaged by the director of human resources or the fire department, the results of which shall be sent to the human resources department and added to the individual's personnel file maintained within the fire department.

"(c) The individual must have been employed by the City of Providence for one (1) or more years as a firefighter before being diagnosed with cancer.

"(d) The individual, while employed as a firefighter by the City of Providence, must have responded on the scene to fires, emergencies or hazardous materials incidents involving the release of radiation or a known or suspected carcinogen as defined by the International Agency for Research on Cancer.

"(e) Upon application for disability benefits * * * the individual's cancer must be diagnosed by three (3) licensed and practicing oncologists engaged by the director of human resources, with the following stipulations:

> "(1) The cancer must be diagnosed while the individual is employed by the City as a firefighter.

> "(2) If the individual has retired or otherwise ceased employment with the City of Providence as a firefighter, the cancer must be diagnosed within three (3) years of the last date on which the individual actively served as a firefighter for the City of Providence." Providence City Ordinance Ch. 2008-27, No. 211, § 2 (May 9, 2008).

The presumption established under § 2 of the ordinance does not apply under certain circumstances. Providence City Ordinance Ch. 2008-27, No. 211, § 3 (May 9, 2008). Furthermore, § 4 of the ordinance authorizes the city to rebut the presumption established under § 2 of the ordinance by presenting certain evidence. *Id*. at § 4.

**Procedural History**

After the General Assembly amended the act to include § 45-19.1-4(a), the Association, an organization that represents retired members of the Providence Fire Department, asked the City Retirement Board[2] (the retirement board) whether the "any fire fighter" language contained in § 45-19.1-3(a) of the act includes the Association's retired members, thereby entitling them to the conclusive presumption in § 45-19.1-4(a) of the act. The retirement board informed the Association that § 45-19.1-4(a) of the act did not apply to its retired members because § 45-19.1-4(a) applied only to municipalities that participate in MERS. The city thus stated that it

---

[2] The Retirement Board was the body created prior to the enactment of the home rule charter to oversee the Providence System. *See Betz v. Paolino*, 605 A.2d 837, 838 (R.I. 1992).

would not process applications for cancer benefits under the act but would, instead, process those applications under the ordinance.

The Association filed a two-count complaint in Superior Court seeking (1) a declaration, pursuant to G.L. 1956 § 9-30-1, that the city shall process any retired firefighter's application for occupational cancer disability benefits pursuant to the act; and (2) compensatory damages for the city's failure to process the retired firefighters' claims pursuant to the act. After the city filed an answer, the parties filed an agreed statement of facts and cross-motions for partial summary judgment on the declaratory judgment count.

The Association asserted that it was entitled to judgment as a matter of law for two reasons: first, because § 45-19.1-3(a) of the act applies to "all" firefighters in the state regardless of their municipality's participation in MERS; and second, because in *City of East Providence v. International Association of Firefighters Local 850*, 982 A.2d 1281 (R.I. 2009) (*Local 850*), this Court held that § 45-19.1-3(a) applied to "any fire fighter" regardless of whether their municipality participates in MERS. *See Local 850*, 982 A.2d at 1288.

The city argued that it was entitled to judgment as a matter of law under *Betz*, where this Court determined that Providence firefighters were not entitled to the act's benefits under the "general rule of construction that a special act [(the Providence System)] should prevail over a statute of general application

- 7 -

[(§ 45-19.1-3)].” *Betz*, 605 A.2d at 840.  The city therefore argued that Providence employees and retirees must look to provisions of the city ordinance, rather than to state law, for occupational cancer disability benefits.

The trial justice agreed with the Association that *Local 850* controlled. Without distinguishing *Betz*, the trial justice opined that “any fire fighter” as used in § 45-19.1-3(a) of the act includes Providence firefighters and the Association’s retired members because the act “does not restrict its application to only firefighters of municipalities that participate in the MERS.”  The trial justice therefore concluded that the Association’s retired members are entitled to occupational cancer disability benefits under § 45-19.1-3 of the act; he granted the Association’s motion for summary judgment and denied the city’s cross-motion for summary judgment with respect to the declaratory judgment count.  On July 24, 2023, partial judgment was entered in favor of the Association pursuant to Rule 54(b) of the Superior Court Rules of Civil Procedure.  The city filed a timely notice of appeal on July 26, 2023.

**Standard of Review**

“It is well established that this Court reviews a grant of summary judgment *de novo*.” *Commerce Park Realty, LLC v. HR2-A Corp.*, 253 A.3d 1258, 1266 (R.I. 2021) (quoting *Moore v. Rhode Island Board of Governors for Higher Education*, 18 A.3d 541, 544 (R.I. 2011)).  We therefore apply the same standards and rules used by the trial justice. *See DeCurtis v. Visconti, Boren & Campbell Ltd.*, 252 A.3d

- 8 -

765, 770 (R.I. 2021). To that end, "[w]e view the evidence in the light most favorable to the nonmoving party, and if we conclude that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law, we will affirm the judgment." *Commerce Park Realty*, 253 A.3d at 1266 (quoting *Moore*, 18 A.3d at 544).

**Discussion**

The parties dispute whether the Association's retired members are entitled to occupational cancer disability benefits under the act or under the ordinance. The city argues that *Betz* controls the outcome because it dictates that special legislative provisions pertaining to the Providence System supersede state statutes of general application, while the Association asserts that *Local 850* controls. We agree that *Betz* is dispositive of the question in this case and that, therefore, the city is entitled to judgment as a matter of law.

In *Betz*, retired Providence firefighters applied to the retirement board for expanded benefits; specifically, longevity benefits and benefits for occupational cancer. *Betz*, 605 A.2d at 837. In defending a Superior Court decision that the plaintiff-firefighters were entitled to expanded benefits, the plaintiff-firefighters advanced two arguments: first, that the retirement board was authorized to grant expanded benefits to the plaintiff-firefighters; and, second, that the plaintiff-firefighters were entitled to benefits for occupational cancer under § 45-19.1-3 of

- 9 -

the act. *Id*. at 838-39, 840. This Court rejected both contentions. *Id*. at 840. We held that the retirement board could not award expanded benefits because only the city council could establish expanded benefits under the Providence System; and we further held that the plaintiff-firefighters were not entitled to benefits for occupational cancer under the act because the Providence System is "a comprehensive system of contributions, benefits, and regulations relating to pensions to be paid to firefighters, police officers, and civilian employees of the city" which superseded the act. *Id*. at 838-40 ("This general statute was enacted in 1986. In a series of cases we have held that general statutes purporting to benefit firefighters or police did not supersede the special statute that had been enacted by the Legislature in respect to the city of Providence."). The Court disagreed with the contention that the intent of the act was to provide benefits for occupational cancer to all firefighters, stating that "[t]here is no indication that the General Assembly manifested a different specific intent in enacting § 45-19.1-3. In this case, as in the prior cases, we must apply the general rule of construction that a special act should prevail over a statute of general application." *Id*. at 840.

*Betz* answers the precise question in dispute. The Association represents retired members of the Providence Fire Department who, like the plaintiff-firefighters in *Betz*, seek to have the city process applications for occupational cancer benefits pursuant to the act. They seek this relief despite the

- 10 -

existence of the Providence System, which this Court has held supersedes the act. *Betz*, 605 A.2d at 840; *see also Police and Firefighter's Retirement Association of Providence v. Norberg*, 476 A.2d 1034, 1036 (R.I. 1984) (enforcing the Providence System's provision exempting certain employees from taxation because it is a special act that supersedes conflicting state law); *Santanelli v. City of Providence*, 105 R.I. 208, 212-13, 250 A.2d 849, 851-52 (1969) (holding that G.L. 1956 § 45-19-1, a general statute for firefighter disability benefits, did not supersede, alter, or amend the Providence System because special acts prevail over general ones); *Landers v. Reynolds*, 92 R.I. 403, 407-08, 169 A.2d 367, 368-69 (1961) (holding that a statewide statute applicable to all cities and towns related to accidental disability benefits did not repeal the Providence System's provisions for city employees, and therefore the Providence System superseded the statewide law). Furthermore, they advance their argument in the absence of any "indication that the General Assembly manifested a different specific intent" when it enacted § 45-19.1-4(a). *Betz*, 605 A.2d at 840. We have never deviated from the holding in *Betz*, and we see no reason to do so now.

The Association's reliance on *Local 850* in arguing that the city is subject to the act is misplaced. In *Local 850*, the City of East Providence appealed an order denying a motion to vacate an arbitration award wherein the arbitrator found that the City of East Providence had to provide benefits under the act to the grievant. *Local*

*850*, 982 A.2d at 1283-85.  In affirming the judgment of the Superior Court, we interpreted the act and its inclusive phrase "any fire fighter[,]" and we concluded that the arbitrator did not exceed his authority in determining that the City of East Providence was obligated to provide the benefits sought, notwithstanding that the City of East Providence did not participate in MERS. *Id*. at 1288-89.  However, that conclusion was based, in part, on the fact that the grievant sought benefits pursuant to a collective-bargaining agreement that specifically referred to chapter 19 and that the arbitrator determined incorporated chapter 19.1 of title 45. *Id*. at 1284-86.  As the Association acknowledges, such incorporation language is absent from the collective-bargaining agreement applicable in this case.

Moreover, as we explained in *Lang*, we did not interpret the act on *de novo* review when considering the appeal by the City of East Providence in *Local 850*. *Lang*, 222 A.3d at 919.  Our discussion of § 45-19.1-3(a) of the act was "only with regard to whether the arbitrator manifestly disregarded the law * * *." *Id*.  The Association's attempt to inflate the significance of *Local 850* is unavailing.

Finally, the cases evaluating conflicts between home-rule charter provisions and state statutes of general application, to which the Association directed this Court's attention during oral argument, are also unpersuasive. *See, e.g.*, *City of Cranston v. Hall*, 116 R.I. 183, 186, 354 A.2d 415, 417 (1976); *Marro v. General Treasurer of City of Cranston*, 108 R.I. 192, 195, 273 A.2d 660, 662 (1971); *City of*

*East Providence v. Local 850, International Association of Firefighters, AFL-CIO*, 117 R.I. 329, 338, 366 A.2d 1151, 1156 (1976). The question of priority between the Providence System and state statutes of general application is answered by *Betz*, and we see no reason to deviate from its holding. *See Betz*, 605 A.2d at 840.

## Conclusion

Based on the foregoing, we vacate the judgment of the Superior Court and remand the record with instructions that the Superior Court enter judgment for the city.

Justice Lynch Prata did not participate.



## STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE

Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | The Providence Retired Police and Firefighter's Association v. The City of Providence, by and through its Treasurer, James J. Lombardi. |
| **Case Number** | No. 2023-330-Appeal. (PC 20-8024) |
| **Date Opinion Filed** | February 4, 2025 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, and Long, JJ. |
| **Written By** | Associate Justice Melissa A. Long |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice R. David Cruise |
| **Attorney(s) on Appeal** | For Plaintiff: Joseph F. Penza, Jr., Esq. |
| | For Defendant: Aaron L. Weisman, Esq. |