382 A.2d 180.

EDGAR ST. GERMAIN *vs.* CITY OF PAWTUCKET *et al.*

JANUARY 27, 1978.

PRESENT: Bevilacqua, C.J., Paolino, Joslin, Kelleher and Doris, JJ.

PER CURIAM. This is an appeal from a judgment by a Superior Court justice sitting without a jury, who declared that chapters 1406 and 1413 of the City of Pawtucket Ordinances are invalid and should not be applied to the plaintiff because they conflict with G.L. 1956 (1970 Reenactment) §45-19-1.

The facts are undisputed. The plaintiff, a member of the fire department of defendant city of Pawtucket, was injured in the line of duty. Pursuant to §45-19-1, he received full salary as compensation until May 1975, at which time he was involuntarily placed on the retirement list. Thereafter he received a monthly pension in accordance with chapter 1406 (Pawtucket Pension Plan for Firefighters and Policemen).

The city of Pawtucket had been authorized to establish a pension fund for its firefighters by virtue of a special act adopted by the Legislature in 1913, P.L. 1913, ch. 1007.[1] The defendant established such a fund in 1922. City of Pawtucket Ordinances, ch. 197. In 1944 the Legislature enacted the precursor to §45-19-1, P.L. 1944, ch. 1479, a general statute providing that police officers or firemen of any city or town who are disabled while performing their duties are entitled to full pay during the period of incapacity. In 1973 defendant passed chapter 1406, an ordinance that revised the existing pension plan and provided in part that upon incurring a duty-connected disability, a firefighter would receive a percentage of his pay for the duration of the disability or until he reached normal retirement age, at which time he would be transferred to the retirement list and receive normal retirement benefits. Shortly thereafter defendant passed chapter 1413, which fixed the mandatory retirement age at 65.

The plaintiff contends that chapters 1406 and 1413 are void because they are inconsistent with §45-19-1, and that therefore he should not have been placed on the mandatory retirement list but should still be receiving full benefits under §45-19-1. However, the issue before us concerns the resolution of an inconsistency between a general statute, §45-19-1, and a special statute, P.L. 1913, ch. 1007, not the resolution of a conflict between a statute and an ordinance, because it was by P.L. 1913, ch. 1007 that defendant was allowed to create its own pension plan.

We are of the opinion that the law as established by G.L. 1956 (1970 Reenactment) §43-3-26 and in the case of *Landers* v. *Reynolds*, 92 R.I. 403, 169 A.2d 367 (1961), is controlling in the instant case. Public Laws 1913, ch. 1007 is

---

[1] Public Laws 1913, ch. 1007 reads in pertinent part:

"Section 1. The mayor and city council of the city of Pawtucket are hereby authorized and empowered to create a pension list for permanent members of the paid fire department of said city, and to establish by ordinance all rules and regulations providing for such pensions."

a special act applicable only to the city of Pawtucket, while §45-19-1 is a general statute which applies to all cities and towns. Section 43-3-26 provides that when a general provision conflicts with a special provision relating to the same or a similar subject, the two provisions shall be construed, if possible, so that effect may be given to both, and that if effect cannot be given to both, the special provision shall prevail and shall be construed as an exception to the general provision.

We have also said in *Landers* that where a subsequent statute is in conflict with an earlier one, as here, the role of this court is to determine the intent of the Legislature in passing the subsequent statute. Although few cities and towns had retirement systems for firefighters at the time the later statute, §45-19-1, was enacted, defendant did have such a system. In *Landers,* we stated that where there is an existing retirement system, no further legislation is required to provide for men injured in the line of duty. Therefore, it is obvious that §45-19-1 was intended to protect police officers and firemen only of the various cities and towns that do not have their own pension plans, and that it in no way repeals or supersedes P.L. 1913, ch. 1007.

We conclude then that the conflict between the special act and the general act must be resolved in favor of the former, that P.L. 1913, ch. 1007 prevails as against §45-19-1, and that therefore chapters 1406 and 1413 properly apply to the plaintiff.

The defendant's appeal is sustained, the judgment appealed from is reversed, and the case is remanded to the Superior Court for entry of judgment consistent with this opinion.

Mr. Justice Paolino participated in the decision but retired prior to its announcement.

*Joseph A. Capineri,* for plaintiff.

*Moses Kando,* City Solicitor, for defendants.