**RHODE ISLAND FEDERATION OF TEACHERS, et al.**

v.

**EMPLOYEES' RETIREMENT SYSTEM OF RHODE ISLAND, et al.**

No. 87–201–Appeal.

Supreme Court of Rhode Island.

June 8, 1988.

Richard A. Skolnik, Malcolm A. Najarian, Lipsey & Skolnik, Providence, for plaintiffs.

Angelica B. Gosz, Providence, for defendants.

1. The Legislature created a corporation called the Employees' Retirement System for the purpose of providing retirement allowances for employees of the State of Rhode Island. General Laws 1956 (1984 Reenactment) § 36–8–2. In

OPINION

FAY, Chief Justice.

In this class-action suit, the plaintiff class appeals a Superior Court order denying its request for a writ of mandamus and injunctive relief. We affirm.

The Rhode Island Federation of Teachers and the plaintiff class, represented by Salvatore Salvo, Jr., and James Brown, filed a complaint against the Employees' Retirement System of Rhode Island (the retirement system) and its director, Joseph Iannelli.[1] The plaintiffs wanted the retirement system to credit plaintiffs with retirement credits they claim to have accrued pursuant to G.L. 1956 (1982 Reenactment) §§ 30–21–1 through –3. The pertinent portions of these sections provide as follows:

"30–21–2. Seniority rights on reemployment by prior employer.—Any member of the armed forces of the United States or any citizen of the United States who served in the armed forces of the United Nations during World War II shall, upon his reemployment by a prior employer within one (1) year after his honorable discharge from said forces, upon proper proof of his service and the length thereof, be given by such employer in addition to the seniority rights he had when he left said employment, prior to his joining the armed forces, additional seniority rights equal to the time he served in said forces."

"30–21–3. Seniority in new employment.—Any member of the armed forces of the United States or any citizen of the United States who served in the armed forces of the United Nations during World War II shall, upon proper proof of his service and the length thereof, upon applying for employment within one (1) year after his honorable discharge from said forces, shall [sic] possess and be given credit for seniority rights equal to the time he served in said forces."

1949 the Legislature included school teachers in the retirement system. General Laws § 16–16–2, as enacted by P.L. 1948, ch. 2101, § 2.

The Legislature had also extended the provisions of these sections to credit veterans and merchant marines of other wars, undeclared wars, and campaigns with the aforementioned rights. Sections 30–22–1 through –4.

In their action, plaintiffs sought a writ of mandamus or injunctive relief to compel the director to credit the class members with the service or retirement credits they purported to have acquired under these statutes. Furthermore, it is important to note that some plaintiffs sought retirement credits under § 30–21–3, notwithstanding the fact that the Legislature repealed this section via P.L. 1985, ch. 181, art. 64. The constitutionality of the retroactive repeal of § 30–21–3 was affirmed by this court in *Brennan v. Kirby*, 529 A.2d 633 (R.I. 1987).

The issues presented to the trial justice were whether plaintiffs were entitled to retirement credits under §§ 30–21–2 or 30–21–3, and whether the repeal of § 30–21–3, as applied to these plaintiffs, violated the Rhode Island and Federal Constitutions. In his ruling the trial justice found it unnecessary to address the constitutional question and ruled that §§ 30–21–2 and –3 did not grant plaintiffs any retirement credits. We agree with the trial justice's ruling and similarly decline addressing the constitutional question. Instead we decide the case by focusing on the language of the statutes.

The Supreme Court as final arbiter of statutory construction must ascertain the intent of the Legislature. *Brennan v. Kirby*, 529 A.2d at 637; *Lake v. State*, 507 A.2d 1349, 1351 (R.I. 1986). When the language of a statute is unambiguous and expresses a clear and sensible meaning, as it does in this case, there is no room for statutory construction and we must give words contained therein their plain and ordinary meaning. *O'Neil v. Code Commission for Occupational Safety and Health*, 534 A.2d 606, 608 (R.I. 1987); *Advisory Opinion to the Governor*, 504 A.2d 456, 459 (R.I. 1986); *Warwick v. Aptt*, 497 A.2d 721, 724 (R.I. 1985). In so doing, we find that §§ 30–21–2 and –3 do not require the retirement system to credit the plaintiffs with retirement credits toward their pensions. First, the language of the statutes explicitly requires the plaintiffs' employers to grant credit to the plaintiffs. Second, the statutes grant the plaintiffs seniority rights within their place of employ, not retirement credits toward their pensions. Although this statute does not define seniority rights, this court does not find them to be the equivalent of retirement credits because §§ 16–16–7 and 16–16–7.1 provide teachers with the right to purchase retirement credits for their time spent in the military. Given this court's conclusion that neither of these statutes provides the retirement credits the plaintiffs seek, we need not address the issue of whether the repeal of § 30–21–3 was constitutional.

Consequently the plaintiffs' appeal is denied and dismissed. The judgment of the Superior Court is affirmed, and the papers of this case are remanded to Superior Court.