**Thomas G. BRISSETTE**

v.

**Robert E. POTTER et al.**

**No. 87–450–A.**

Supreme Court of Rhode Island.

June 19, 1989.

Timothy Conlon, Frederick G. Cass, Cass, Capace & Conlon, Providence, for plaintiff.

Oleg Nikolyszyn, Jackvony & DiMitri, Providence, for defendants.

OPINION

WEISBERGER, Justice.

This case comes before us on the appeal of the plaintiff from a summary judgment entered in the Superior Court in favor of the defendants, who are (or were) members of the Town Council of Burrillville. We reverse. The facts of the case are set forth in an agreed statement by the parties and may be stated as follows.

The plaintiff was employed as a police officer in the town of Burrillville from 1972 until his employment was terminated on September 25, 1986. While he was on patrol on New Year's Day 1984, plaintiff responded to a call regarding a domestic dis-

pute. In the course of his attempting to quell violence on the part of the male disputant, plaintiff was knocked to the ground and injured his back. As a result of this injury, plaintiff has been unable to perform the duties of his office. The town, pursuant to G.L.1956 (1980 Reenactment) § 45–19–1, paid plaintiff his full salary and medical expenses from the date of the injury to September 25, 1986.

On the later date the town council notified plaintiff that his employment with the police department was terminated "due to [his] inability to perform [his] duties." Thereafter, plaintiff attempted to obtain relief from the town council based upon his statutory entitlement to continued benefits. The council was unwilling to pay the full salary to plaintiff but has apparently been willing at all pertinent times to place plaintiff on a disability pension under an insurance program that the town had arranged through its employment contract with the John Hancock Insurance Company. This disability-insurance program provided for payment to plaintiff of two-thirds of his salary. The town agreed to continue to pay medical expenses. It is apparently undisputed that from the time of termination of employment until October 1988, plaintiff received this two-thirds-salary disability pension from John Hancock Insurance Company. From October 1988 until the present, the town paid the two-thirds-salary benefit directly to plaintiff because of a change in pension plan. The plaintiff sought injunctive and monetary relief from the town by filing an action in the Superior Court. A preliminary injunction was denied, and subsequently summary judgment was rendered for defendants.

Although plaintiff filed a grievance pursuant to the employment contract with the town, this grievance did not reach the stage of arbitration. Indeed, the initial correspondence from the Fraternal Order of Police Burrillville Lodge No. 27 indicates that plaintiff's fellow police officers did not believe that plaintiff was entitled to more than had been offered by the town. It should be noted, however, that the Fraternal Order of Police subsequently reconsid-ered its position and supported the grievance.

The provision of the collective-bargaining contract relating to disability for injuries or illness in the line of duty is § 5.3 and states that "leave for injury [or] illness in the line of duty shall be in accordance with the General Laws of Rhode Island Section 45–19–1 as amended." This statutory provision reads in pertinent part as follows:

"Salary payment during line of duty illness or injury.—Whenever any police officer * * * of any * * * town * * * shall be wholly or partially incapacitated by reason of injuries received * * * in the performance of his duties, the respective * * * town * * * by which said police officer * * * is employed shall, during the period of the incapacity, pay such police officer * * * the salary or wage to which the said police officer * * * would be entitled had he not been so incapacitated, and in addition thereto shall pay such medical [expenses] * * * for such period as is necessary * * *. In addition, said * * * towns shall pay all similar expenses incurred by a member who has been placed on a disability pension and suffers a recurrence of the injury or illness that dictated his disability retirement."

The foregoing provision was construed by this court in *Aiudi v. Pepin*, 417 A.2d 320 (R.I.1980). In that case we stated that the language of § 45–19–1 was self-declaratory and needed no construction. *Id.* at 321. It was true that we held that Aiudi was not entitled to the salary benefit because he had previously been dismissed for misconduct. *See Aiudi v. Baillargeon*, 121 R.I. 454, 399 A.2d 1240 (1979). We suggested that had he been a member of the department, he might well have been entitled to the statutory benefits. We did hold that he was entitled, in spite of his termination for misconduct, to the medical benefits that the statute provided.

■ The defendants argue that the statute implies that a town may place such a disabled police officer on a disability pension similar to that provided in the instant case. It is true that reference is made to a

disability pension in the statute, but there is no clear delineation in respect to when and in what circumstances an officer's pay may be reduced when he is wholly or partially incapacitated due to injuries received in the performance of his duties. The language within § 45–19–1 clearly states that the town "shall, during the period of such incapacity, pay such police officer * * * the salary or wage to which the said police officer * * * would be entitled had he not been so incapacitated." The statute is so clear and straightforward that we are unable by construction to import a different meaning into those words. *Rhode Island Federation of Teachers v. Employees' Retirement System of Rhode Island*, 542 A.2d 249 (R.I.1988); *O'Neil v. Code Commission for Occupational Safety and Health*, 534 A.2d 606 (R.I.1987); *In re Advisory Opinion to the Governor*, 504 A.2d 456 (R.I.1986).

Other municipalities have modified their obligations to police officers and firefighters by enacting special ordinances providing for disability and other pensions with legislative approval. *See, e.g., Trembley v. City of Central Falls*, 480 A.2d 1359 (R.I. 1984); *St. Germain v. City of Pawtucket*, 119 R.I. 638, 382 A.2d 180 (1978); *Santanelli v. City of Providence*, 105 R.I. 208, 250 A.2d 849 (1969). Since the town of Burrillville is governed solely by § 45–19–1, the special provisions relating to other municipalities would have no effect in the case at bar.

We are of the opinion that under the clear language of the controlling statute and under the clear language of the pertinent provision of the contract that simply tracks the statute, plaintiff is entitled to receive the salary to which he would have been entitled had he not been so incapacitated. The ambiguous clause that relates to medical expenses for a member who has been placed on a disability pension does not detract from the clarity of the first portion of the statute, which relates specifically to salary.

The defendants also argue that plaintiff should be barred from judicial relief because the sole remedy for grievances under the contract is arbitration. We are of the opinion that defendants have waived the defense of arbitration by submitting this case to a justice of the Superior Court on an agreed statement of facts. Although defendants did raise the issue of arbitration in their answer to the complaint, and adverted to it in memoranda on the issue of plaintiff's motion for summary judgment and in opposition to plaintiff's motion for preliminary injunction, defendants did not apply for a stay of judicial proceedings pending arbitration pursuant to G.L.1956 (1985 Reenactment) § 10–3–3. *See North Smithfield Teachers Association v. North Smithfield School Committee*, 461 A.2d 930 (R.I.1983). This last case is not on all fours with the case at bar since the school committee had participated in judicial proceedings for approximately two years before even raising the defense of arbitration.

However, the position of the town of Burrillville has been, in this case, somewhat ambivalent. There is no indication that the defense of arbitration was argued orally to the trial justice who awarded the town summary judgment upon its own motion. Obviously summary judgment would not be a proper remedy under the defense of arbitration. Consequently having sought complete judicial relief by moving for summary judgment, the town cannot now be allowed to rely upon its defense of arbitration. This defense was waived when the town sought and obtained summary judgment from the Superior Court.

For the reasons stated, the plaintiff's appeal is sustained. The judgment entered on behalf of the defendants is hereby vacated. The papers in the case may be remanded to the Superior Court for further proceedings consistent with this opinion, which may include injunctive relief as well as a judgment for past payments due.