[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Before this Court is plaintiff's appeal from a decision of the Board of Firefighter's Relief awarding to plaintiff disability benefits in an amount calculated pursuant to the provisions of Title 36, Chapter 10 of the General Laws. Plaintiff alleges that such benefits are legally inadequate, as they should have been calculated pursuant to Title 45, Chapter 19 of the General Laws. Jurisdiction in this Court to hear the instant appeal is by virtue of R.I. Gen. Laws § 42-35-1 (1988).
FACTS/TRAVEL
The plaintiff, Everett J. Ignagni, formerly was the State Fire Marshall of Rhode Island ("Marshall"). In 1978, while serving as Marshall, plaintiff contracted a job-related heart condition. Although this condition did not initially affect plaintiff's ability to work, it began to manifest itself more forcefully during plaintiff's final three years as Marshall. On several occasions during these final three years, such condition rendered plaintiff unable to perform his duties as Marshall and, in some instances, required his hospitalization. During each of these periods of incapacity, plaintiff received his full salary pursuant to R.I. Gen. Laws § 45-19-1 (1991). Finally, on May 18, 1991, as a direct result of his heart condition, plaintiff retired from his position as Marshall.
Approximately five months after he retired, plaintiff filed an application with defendant, the Board of Firemen's Relief ("Board"), seeking permanent disability benefits under R.I. Gen. Laws § 45-19-1 (1991). On November 3, 1991, the Board issued a decision holding that it did not possess authority to grant plaintiff's application. Plaintiff appealed this decision to this court which entered an order on March 10, 1992, requiring the Board to hear plaintiff's claim for permanent disability benefits. Such order also provided that the Board not find that §45-19-10 serve as a cap for any award it might grant to plaintiff.
On April 3, 1992, after a hearing, the Board issued a second decision in which it made three holdings. First, it held that plaintiff was entitled to disability benefits as a result of the heart condition he contracted while he was State Fire Marshall (hereinafter the "first holding.") Second, the Board held that Title 36, Chapter 10 of the General Laws was controlling in this case and that § 36-10-14 proscribed that plaintiff's retirement benefits not exceed two thirds of his salary at the time of his retirement (hereinafter the "second holding"). And, third, the Board held that neither the Board nor the Rhode Island Department of Labor was responsible for paying plaintiff's benefits (hereinafter the "third holding").
Plaintiff is now before this Court contesting the Board's second and third holdings. With respect to the Board's second holding, plaintiff contests the Board's reliance on § 36-10-14
when calculating his retirement benefits. Section 36-10-14
applies to all state employees and limits their retirement benefits to two-thirds of their retirement salary. Plaintiff argues that his retirement benefits should be calculated in accordance with § 45-19-1. Section 45-19-1 applies to certain classes of state employees — namely, public safety employees such as the State Fire Marshall — and allows them to collect, in proper cases, benefits equaling 100 percent of their salary plus medical expenses. With respect to the Board's third finding, plaintiff argues that the Board should be responsible for paying his retirement benefits.
STANDARD OF REVIEW
This Court must review defendant's April 3, 1992 decision in accordance with the standards set out in § 42-35-15, which provides:
 42-35-15. Judicial review of contested cases.
 (g) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
 (1) In violation of constitutional or statutory provisions;
 (2) In excess of the statutory authority of the agency;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
Section 42-35-15 precludes a reviewing court from substituting its judgment for that of the agency in regard to the credibility of the witnesses or weight of the evidence concerning questions of fact. E.g., Costa v. Registry of Motor Vehicles,543 A.2d 1307, 1309 (R.I. 1988). Under this section, a reviewing court must uphold an agency decision if there is any legally competent evidence in the record supporting that decision. E.g., BlueCross Blue Shield v. Caldarone, 520 A.2d 969, 972 (1987). Questions of law, however, are not binding upon a reviewing court and may be reviewed to determine what the law is and its applicability to the facts. E.g., Carmody v. Rhode IslandConflict of Interest Comm'n, 509 A.2d 453, 458 (R.I. 1986). The meaning of a statute is a question of law. See Howard Union ofTeachers v. State, 478 A.2d 563, 565 (1987). This Court therefore will accept the Board's first holding as it is a finding of fact supported by substantial evidence. The Board's second and third holdings, however, are conclusions of law and, as such, are not binding upon this Court.
THE SECOND AND THIRD HOLDINGS OF THE BOARD
Plaintiff contests the second holding of the Board on the grounds that it was not calculated according to § 45-19-1. Section 45-19-1 provides, in pertinent part:
 45-19-1 Salary payment during line of duty illness or injury.
 (a) "Whenever any . . . fire marshall . . . shall be wholly or partially incapacitated by reason of . . . sickness contracted in the performance of his or her duties, the . . . state of Rhode Island by which the . . . fire marshall . . . is employed, shall, during the period of the incapacity, pay the . . . fire marshall . . . the salary or wage and benefits to which the . . . fire marshall . . . would be entitled had he or she not been so incapacitated, and, in addition thereto, shall pay the medical [expenses] . . . for such period as is necessary. . . ."
The Rhode Island Supreme Court has considered the applicability of § 45-19-1 in two cases similar to the case at bar. In Auidiv. Pepin, 417 A.2d 320 (R.I. 1980), the Court held that Aldo Auidi, a police officer[1] who received job-related injuries and who subsequently was dismissed for misconduct, was not entitled to salary benefits under § 45-19-1 but was entitled to medical benefits under such section. The Court held against an award of salary benefits because, at the time he demanded such benefits, Mr. Auidi was not eligible to receive a salary. Id.
at 321. The Court based its holding in favor of medical benefits on the language of § 45-19-1 which obligates a municipality to pay the medical expenses of an injured officer "for such period as is necessary." The court found that under such language, a claimant need only show necessity, not entitlement, to receive medical benefits.
Auidi thus makes it clear that, under § 45-19-1, a public safety employee injured on the job is entitled to medical benefits for as long as is "necessary." There is no question that plaintiff continues to require medical care for his job-related heart condition. Thus, he clearly has the right to receive medical benefits under § 45-19-1.
Plaintiff also argues that he is entitled to salary benefits under § 45-19-1. In Brissette v. Potter, 560 A.2d 324 (R.I. 1989), the Court expounded upon its holding in Auidi regarding eligibility for salary benefits under § 45-19-1. As did Auidi,Brissette involved a police officer, Thomas Brissette, who received a job-related injury and subsequently was dismissed.Brissette differed from Auidi, however, in that the only reason for the termination of Mr. Brissette's employment was that his job-related injury prevented him from performing his duties as a police officer. Put simply, Mr. Brissette's employment came to an end because of his injury. Under these circumstances, the Court held that Mr. Brissette was entitled to salary benefits under § 45-19-1 equaling 100 percent of his salary at the time he was dismissed. Implicit in this holding was the reasoning that Mr. Brissette's entitlement to salary benefits under § 45-19-1
was not affected because his employment ended due to a job-related injury.
Relying on Brissette, this Court by analogy concludes that plaintiff is entitled to salary benefits under § 45-19-1. Here, as in Brissette, the plaintiff suffered a work-related physical impairment which rendered him unable to perform his job. Further, as with the claimant in Brissette, plaintiff's employment was ended as a direct result of his work-related injury and his resulting inability to perform his job. Thus, because plaintiff's employment ended because of his job-related injury, this Court concludes that plaintiff is entitled to collect benefits under §45-19-1.
That plaintiff voluntarily retired does not affect his entitlement under § 45-19-1. The purpose of § 45-19-1 is to give additional protection to certain classes of public servants who are engaged in dangerous public safety activities. Labbadia v.State of Rhode Island, 515 A.2d 18, 21 (R.I. 1986). In this case, there is no dispute that plaintiff's heart condition was job-related and disabling. Thus, to deny recovery to plaintiff on the grounds that he voluntarily left his post would undermine the purpose of this statutory scheme.
Allowing plaintiff to recover full disability benefits under § 45-19-1 also comports with considerations of sound public policy. Denial of recovery would discourage responsible behavior by injured public safety employees covered by § 45-19-1. It would encourage such persons to remain in their positions until appropriate discharge procedures could be followed and their employment involuntarily terminated. This would discourage cooperation and make it unnecessarily difficult to hire permanent replacements for injured public safety employees. And, particularly in cases such as this, where the injured employee's position was one which was not subject to significant oversight, involuntary discharge could be onerous and any lack of cooperation could cause significant difficulties in obtaining a fit replacement. Further, allowing recovery in this case would not encourage abuse of § 45-19-1. Whether a public safety official's employment ends voluntarily or involuntarily, entitlement under § 45-19-1 is contingent upon proof of a job-related injury causing the end of such employment. Thus, even where public safety employees voluntarily end their employment, they must still prove they have a job-related injury and that such injury made it impossible to perform their duties.
Plaintiff also contests the Board's third holding: that the Board is not responsible for paying plaintiff's benefits. After considering the statutory scheme regarding this issue, this Court agrees with plaintiff that the Board's third holding is erroneous as a matter of law. Along with the Board's responsibility to resolve claims from parties such as plaintiff comes the responsibility to enforce such resolutions. To hold otherwise would negate statutory rights created by the Legislature in favor of persons such as plaintiff. Plaintiff has been given rights under § 45-19-1, and it is the Board's responsibility to respect those rights. This Court therefore concludes that the Board is responsible for making benefits payments to plaintiff.
CONCLUSION
For the reasons hereinabove set out, this Court affirms the Board's first holding of its April 3, 1992 decision and reverses the Board's second and third holdings of such decision.
Counsel shall prepare an appropriate order for entry by this court.
[1] In addition to the State Fire Marshall of Rhode Island, Section 45-19-1 applies to firefighters, police officers and other enumerated public safety employees.