DECISION
The issue presented for decision is whether the Plaintiffs, retired firefighters from the City of Cranston, are entitled to receive greater pension benefits than they are currently receiving through Cranston City Code §§ 10-12. The parties have submitted an agreed statement of facts to this Court for an adjudication on the merits.
Chapter 1414 of the Public Laws of 1944 authorized the City of Cranston to initiate a pension fund for firefighters who become ill, disabled or unable to perform employment duties. In 1954, the City of Cranston passed City Code §§ 10-12, which provided a disability pension of 50% of the firefighter's salary at the time of retirement if he becomes unfit to perform active duty due to "physical infirmity or other causes" and a 55% pension to retirees over the age of fifty-five. Alternatively, R.I.G.L. § 45-19-1 entitles firefighters incapacitated by a work-related injury the salary he would have received had he not been injured.
The Plaintiffs in this action request both a writ of mandamus and declaratory judgment and also allege a breach of statutory duty. Conversely, the City of Cranston contends that when a city or town is empowered by special enabling legislation to establish its own pension fund, the terms of the local enabling legislation prevail over the general legislation.
The Rhode Island Supreme Court has repeatedly held that general law in no way repeals local legislation permitting a city or town to establish its own pension fund. Tremblay v. CentralFalls, 480 A.2d 1359 (R.I. 1984), St. Germain v. The City ofPawtucket, 382 A.2d 180 (R.I. 1983), Central Falls FirefightersLocal 1485 v. The City of Central Falls, 465 A.2d 770 (R.I. 1969),Santanelli v. The City of Providence, 250 A.2d 849 (R.I. 1969),Landers v. Reynolds, 169 A.2d 367 (R.I. 1961). In construing § 45-19-1 in each of these cases, the Court concluded that the statute was specifically enacted to protect firefighters employed by cities without pension plans, St. Germain, 119 at 639, and that "long acquiescence in a continued practice" is determinative of legislative purpose. Trice v. City of Cranston, 297 A.2d 176
(R.I. 1968). Indeed, in Santanelli the Court remarked that if its interpretation pertaining to special legislation prevailing over general legislation was ill-advised, the Legislature would have undoubtedly corrected the problem. Landers, 169 at 367. In the absence of any legislative action, it must be assumed that the case law on this subject has met with legislative approval.
The Plaintiffs make a novel argument to support their position that § 45-19-1 is the controlling law in this situation as opposed to the local ordinance. The crux of their position is that since §§ 10-12 does not specifically differentiate between firefighters incapacitated on the job from those disabled due to general infirmities and other causes, it is not indicative of what the General Assembly purported when it enacted § 45-19-1 "to provide greater work-related injury benefits." Labbadia v. State,513 A.2d 18, 20 (R.I. 1986). Plaintiffs also assert that allowing §§ 10-12 to control the situation at hand will result in serious inconsistencies between towns that utilize § 45-19-1 and towns that provide their own pension-benefit legislation.
As innovative as it might be, this argument lacks persuasiveness. Even if both the general and the special legislation are liberally construed so that equal effect is given to both statutes, the greater weight must still be given to §§ 10-12 as required by precedent. Furthermore, the Defendants appropriately maintain that they should not be punished for using more inclusive language in the local ordinance. Through §§ 10-12, Cranston has afforded more protection to a greater number of retirees and as such, amplifies, rather than clashes with, the objectives of § 45-19-1.
Additionally, any public policy argument regarding the inherent unfairness in not requiring uniformity of pension benefits from town to town is irrelevant. It is not the role of the Court to attempt to resolve inconsistencies arising from the application of the general legislation to cities or towns without their own pension systems. Any potential remedy lies with the General Assembly, and as the construction of § 45-19-1 continues to remain undisturbed, it does not appear that the Legislature is concerned that retirees in some towns may receive a larger pension than a neighboring town.
The Plaintiffs assert in the alternative that if § 45-19-1 does not apply, § 45-19-1 applies retroactively and entitles them to no less than 66 2/3% of their annual salaries since the time of their individual departures. The General Assembly for the State of Rhode Island passed a public law in 1990, § 45-19-19, which subsequently declared that firefighters forced to retire due to sickness or injury sustained in the line of duty were entitled to no less than 66 2/3% of their annual salary at the time of retirement. The General Assembly amended § 45-19-19 in 1994 to include retroactive language.
§ 45-19-19 is retroactive to the date of its original enactment in 1990. As the Plaintiffs themselves agree that the statute is retroactive to 1990 and thus does not affect any of them specifically, there is no change in the outcome of the case and no need to address the constitutionality of the 1994 Amendment.
Accordingly, judgment is entered for the Defendant.