Joseph LANNI

v.

Madelyn FERRANTE, et als.

No. 95–599–Appeal.

Supreme Court of Rhode Island.

Feb. 12, 1997.

Harry Hoopis, Warwick.

Anthony M. Gallone, Providence.

### AMENDED ORDER

This matter came before a panel of the Supreme Court for oral argument on January 14, 1997 pursuant to an order directing both parties to show cause why the issues raised in these appeals should not be summarily decided. The plaintiff, Joseph Lanni (plaintiff) appeals from a Superior Court order granting partial summary judgment to the defendants, Madelyn Ferrante in her capacity as Treasurer of the town of North Providence; Peter Simone, John Celona, Louis Lanni, Ralph Mollis, John Sisto, Robert Ricci, and Bruce Iannuccillo in their official capacities as members of the town of North Providence town council; and Salvatore Mancini in his official capacity as mayor and director of public safety of the town of North Providence (collectively as defendants). The defendants, in turn, appeal a Superior Court order granting partial summary judgment in favor of plaintiff.

After hearing the arguments of counsel and reviewing their memoranda, we perceive no cause and, therefore, summarily decide this matter without further briefing or argument.

The plaintiff is a former North Providence police officer employed as such from 1965–1971. On September 22, 1971, plaintiff applied for accidental disability retirement benefits from the Municipal Employees' Retirement System created pursuant to G.L. § 45–21–1 et seq. after sustaining career-ending injuries during the course of his employment. The plaintiff was awarded benefits in the amount of two-thirds his salary in October 1971, and has continued to collect such benefits to this day. In 1990, plaintiff filed a complaint in the Superior Court seeking his full salary and additional benefits pursuant to G.L. 1956 § 45–19–1.[1] Both parties filed mo-

---

1. G.L.1956 § 45–19–1, in pertinent part, reads:

"(a) Whenever any police officer * * * of any city, town, fire district, or the state of Rhode

tions for summary judgment. The motion justice awarded plaintiff medical benefits pursuant to § 45–19–1, but all other relief was denied and both motions were denied. Both parties appealed to this Court.

Section 45–19–1 was enacted to provide pension benefits to disabled police officers in municipalities where such a disability pension system did not exist. *St. Germain v. City of Pawtucket*, 119 R.I. 638, 641, 382 A.2d 180, 181 (1978). In the present case, however, the town of North Providence had in effect at the time of plaintiff's injury and disability a disability pension system. It had elected to provide that pension system for its municipal employees when it enacted an ordinance, pursuant to G.L. 1956 § 45–21–4, that permitted the town to avail itself of the provisions of chapter 21 of title 45 of the Rhode Island General Laws.[2] The plaintiff himself had voluntarily applied for benefits in the Municipal Employees' Retirement System on September 22, 1971 when he applied for his disability retirement and benefits. He has received those benefits pursuant to § 45–21–

21 and § 45–21.2–8 to the present day. Since North Providence had opted into the Municipal Employees Retirement System to provide pension benefits for its municipal employees, the plaintiff, having voluntarily elected to recover his disability pension benefits from that system, he may not now, nineteen years later, seek benefits pursuant to § 45–19–1.

For the foregoing reasons, plaintiff's appeal is denied and dismissed and the order appealed from is affirmed. The defendant's appeal is sustained and that portion of the order appealed from is vacated. The papers of this case may be remanded to the Superior Court.

WEISBERGER, C.J., did not participate.

---

Island shall be wholly or partially incapacitated by reason of injuries received or sickness contracted in the performance of his or her duties, the respective city, town, or fire district, or state of Rhode Island by which the police officer * * * is employed shall, during the period of incapacity, pay the police officer * * * the salary or wage to which the police officer * * * would be entitled had he or she not been so incapacitated, and in addition thereto shall pay the medical, surgical, dental, optical, or other attendance or treatment * * *.''

2. Although the ordinance is not part of the record, the case file records do contain a sworn

affidavit signed by the then treasurer of the town of North Providence wherein he states that "at the time of [plaintiff's] retirement the Town of North Providence had a retirement system in effect for its police officers as a member of the Municipal Employees' Retirement System created pursuant to R.I.G.L. 45–21–1, et seq." Plaintiff's counsel at oral argument contended that he was unaware of any such ordinance. He apparently failed to review the records of the Municipal Employees' Retirement System, where recognition of the ordinance is noted. In the absence of contrary proof, we will assume that the ordinance did exist and was properly enacted, permitting the town's inclusion in the System.