**Michael PALAZZO et al.**

v.

**Kathleen DeLUCA in her capacity as City Treasurer for the City of Cranston et al.**

**No. 96–115–Appeal.**

Supreme Court of Rhode Island.

May 16, 1997.

Harry J. Hoopis, Warwick.

Francis X. Flaherty, Warwick.

**ORDER**

This case came before the court for oral argument May 8, 1997, pursuant to an order that had directed all parties to appear before the court in order to show cause why the issues raised by this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time.

The plaintiffs who are all retired firefighters previously employed by the city of Cran-

ston appeal from a final judgment entered in favor of the defendant treasurer of the city of Cranston and other Cranston officials after a review'by the trial justice of an agreed statement of facts.

The plaintiffs are each entitled under the Cranston City Code to a disability pension, upon retirement, in the amount of 50 percent of their salary until they reach the age of 55. After the age of 55, plaintiffs are entitled to receive 55 percent of their salary. The operative provision of the Cranston City Code authorizes these benefits whenever a firefighter "shall become unfit to perform active duty by reason of physical infirmity or other causes." The Cranston retirement ordinance was authorized by P.L. 1944, ch. 1414. This statute gave the authority to the city of Cranston to establish a pension fund for members of the fire department who, by reason of age, physical infirmity or other causes may be unfit to perform active duty.

The plaintiffs argue that G.L. 1956 § 45–19–1 as amended by P.L. 1990, ch. 419, § 1 would accord to a firefighter for "injuries received or sickness contracted in the performance of his or her duties" 100 percent of their salaries at the time of their retirement. They also argue that § 45–19–19 as amended by P.L. 1994, ch. 245, § 1 authorized any city or town to provide for a disability retirement allowance not less than 66⅔ percent of the retired firefighter's annual salary either by ordinance or through collective bargaining.

The trial justice relied upon our opinions in *Trembley v. City of Central Falls*, 480 A.2d 1359, 1362 (R.I.1984) and *St. Germain v. City of Pawtucket*, 119 R.I. 638, 641, 382 A.2d 180 (R.I.1978) in holding as a matter of law that a general statute does not repeal special legislation which authorizes or permits a municipality to establish its own pension fund. We are of the opinion that the trial justice was correct in so holding. The Cranston City Code adopted in accordance with the special act of the General Assembly provides a comprehensive plan for the retirement of disabled firefighters. Once adopted this plan would not be superseded by general statutes even though applicable to the same subject matter.

Consequently, the appeal of the plaintiffs is denied and dismissed. The judgment entered in the Superior Court is hereby affirmed.