DECISION
Before the Court is John Elliot's (plaintiff) Motion for Summary Judgment and Declaratory Relief. The plaintiff argues he is entitled to, and the statute requires, a supplemental payment of pension benefits from the Town of Warren pursuant to G.L. 1956 § 45-19-1, as a result of the Town's procedurally defective membership in the Municipal Employees Retirement System (G.L. 1956 § 45-21-1 et seq.) (hereinafter "MERS"). The Town opposes plaintiff's Motion for Summary Judgment and has filed a Cross-Motion for Summary Judgment on the grounds that G.L. 1956 § 45-19-1 does not require the Town to supplement plaintiff's benefits and that its membership in MERS is not procedurally defective. This Court has jurisdiction pursuant to Rule 56 of the Superior Court Rules of Civil Procedure and G.L. 1956 § 9-30-1 (Uniform Declaratory Judgments Act).
 FACTS AND TRAVEL
The plaintiff was employed as a police officer for the Town of Warren on October 13, 1976. On March 6, 1979, plaintiff was injured while on duty. As a result of this injury, the plaintiff was terminated from his employment with the Town in February 1983. Between February 9, 1983 and July, 1, 1992, plaintiff received a disability pension from MERS. The benefits were voluntarily suspended after that date due to the plaintiff's subsequent employment as a police officer for the State of Florida. Plaintiff later applied for and was granted reinstatement under the MERS, effective January 1, 1999.
 ARGUMENTS
The plaintiff argues that the Town's entry into the MERS is procedurally defective in that it was not adopted by an "ordinance or a resolution" as mandated in G.L. 1956 § 45-21-4. As a result, plaintiff contends the Town cannot rely on the MERS to pay the pension benefits of the plaintiff, and the provisions of G.L. 1956 § 45-19-1
will control. Thus, the plaintiff believes the Town will be responsible under the statute to pay the pension benefits of the plaintiff.
Additionally, plaintiff argues the Town should be responsible to pay the medical expenses incurred by him. The plaintiff maintains that even if he, as the recipient, is under the pension disability system of the MERS, the Town, under G.L. 1956 § 45-19-1, continues to be responsible for medical expenses. Ignagni v. Board of Firemen's Relief and State of Rhode Island, No. P.C. 91-7967, June 8, 1992, Gibney, J.
The Town disputes the argument that its entry into the MERS was procedurally defective. In fact, it argues that the MERS pension plan has been incorporated into every Warren police contract since 1970. Article XVI of the police contract for the Town, located in the official minutes of the Warren Town Council for February 10, 1970, states that the retirement plan for officers shall be that which is found in "Chapter 45-21.2 of the General Laws of the State of Rhode Island." (See Joint Exhibit #11). Additionally, the Town notes that the money to implement the plan was voted at the financial town meeting of May 25, 1970. (See Joint Exhibit #10). The Warren Town Council, by the aforementioned acts, intended to regulate the affairs of the Town when it voted to accept the police contract at the February 1970 Town Council meeting. In support of its argument, the Town cites O'Connell v. Bruce, 710 A.2d 674 (R.I. 1998) wherein the Rhode Island Supreme Court stated that "[w]here a resolution is in substance and effect an ordinance or permanent regulation, the name given to it is immaterial." Furthermore, the Town notes "[a resolution] is an ordinance if it is anything intending to regulate any of the affairs of the municipality." Id. (Emphasis in original).
Accordingly, the Town believes its entry into the MERS was not procedurally defective. Furthermore, the Town notes that the plaintiff voluntarily chose to accept the payments provided by the MERS. As a result, the Town believes it is not responsible for supplementing the plaintiff's income.
 STANDARDS OF REVIEW
Rhode Island Super. R. Civ. P. 56 governs summary judgment. Rule 56(c) requires a trial justice to determine the necessity of a trial by identifying genuine issues of material fact in dispute. Rotelli v. Catanzaro, 686 A.2d 91 (R.I. 1996). To avoid summary judgment, the party opposing the motion cannot rest upon conclusions or mere allegations or denials in the pleadings; rather, the party must affirmatively set forth competent evidence that raises a genuine issue to be resolved. Sisters of Mercy of Providence, Inc. v. Wilkie, 668 A.2d 650, 652 (R.I. 1996). A trial justice may properly grant summary judgment only when, after review of the evidence in the light most favorable to the non-moving party, the trial justice concludes that no genuine issue of material fact exists and the moving party's claim warrants judgment as a matter of law. R.I. Super. R. Civ. P. Rule 56(c). Harritos, et. al v. Cambio, et. al,683 A.2d 359 (R.I. 1996).
Under the Uniform Declaratory Judgments Act, this Court has the power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. G.L. 1956 § 9-30-1. "This Court may also grant further affirmative relief based on the declaratory judgment `whenever necessary or proper' provided subsequent `supplementary proceedings' are brought pursuant thereto." Capital Properties, Inc. v. State, 749 A.2d at 1080; G.L. 1956 §§ 9-30-8 and9-30-12; (citing Sousa v. Langlois, 97 R.I. 196, 196 A.2d 838 (1964)).
 ENTRY INTO THE PENSION SYSTEM
The Rhode Island Supreme Court has previously addressed issues similar to those presented in the Motions for Summary Judgment before this Court. In Lanni v. Ferrante, 688 A.2d 865, 866 (R.I. 1997) the Rhode Island Supreme Court, under almost identical facts, held that "section45-19-1 was enacted to provide pension benefits to disabled police officers in municipalities where such a disability pension system does not exist." However, this Court finds that in the instant matter such a disability pension system does, in fact, exist. The Town's entry into the MERS was not procedurally defective.
In O'Connell v. Bruce, 710 A.2d 674, 678 (R.I. 1998) our Supreme Court held that the pension fund created by resolution, and "widely recognized as valid for nearly four decades by all concerned," was validly enacted. Our Supreme Court also noted that "[a] resolution in effect encompasses all actions of the municipal body other than ordinances." Id. at 679.
Furthermore, the Rhode Island Supreme Court stated that it is "commonly recognized" that the word "ordinance" is used interchangeably with the words "bylaws," "resolutions," "regulations," "orders," and "motions." Id. "[G]enerally, whether what is done by a municipal legislative body is an ordinance or a resolution depends not on what the action is called but on the reality." Id. In the present case, it is evident the Town was intending to regulate the disability pension system by adopting the MERS. The fact that this regulation was not completed strictly via ordinance is immaterial as the Supreme Court has stated "anything intended to regulate any of the affairs of the municipality, and [sic] is in substance and effect an ordinance" will be considered as such. Id.
This Court further finds that the Town did comply with the procedure for entry into the MERS. Article XVI of the police contract, located in the official minutes of the Warren Town Council for February 10, 1970, states that the retirement plan for officers shall be that which is found in "Chapter 45-21-2 of the General Laws of the State of Rhode Island." (See Joint Exhibit #11). The money to implement the plan was voted for at the financial town meeting of May 25, 1970. The Town notified the MERS of the approved contract and the pension plan has been incorporated into every police contract since 1970. (See Joint Exhibit #10). Consequently, the Town's entry into the MERS was valid.
Additionally, the plaintiff argues that the Town, under G.L. 1956 § 45-19-1, is responsible for the medical expenses incurred as a result of plaintiff's injury. The statute states, in pertinent part, that ". . . the cities, towns, fire districts, or the State of Rhode Island shall pay all similar expenses incurred by a member who has been placed on a disability pension and suffers a recurrence of the injury or illness that dictated his or her disability." The theory is that, even if the Town is not obligated to pay additional pension benefits, then it is still obligated to pay for additional medical benefits under G.L. 1956 § 45-19-1.
Our Supreme Court addressed this issue in Lanni v. Ferrante, 688 A.2d 865
(R.I. 1997). In Lanni, the court denied the plaintiff all relief, overturning a Superior Court decision awarding plaintiff medical expenses. "Section 45-19-1 was enacted to provide pension benefits to disabled police officers in municipalities where such a disability pension system did not exist." Id. (citing St. Germain v. City of Pawtucket, 119 R.I. 638, 641, 382 A.2d 180, 181 (1978)). In the present case, the Town had adopted the MERS. Thus, it is clear, that a disability pension system did exist and that pension system was in place to cover certain expenses incurred by an injured party. Furthermore, the statute does not contemplate a division of pension and medical benefits. The Town had opted into the Municipal Employees Retirement System, pursuant to G.L. 1956 § 45-21-4, to provide pension benefits for its municipal employees. The plaintiff, having recovered his disability benefits from that system, may not now, twenty-two years later, seek benefits pursuant to G.L. 1956 § 45-19-1. See Lanni, 688 A.2d 865 (R.I. 1997).
 CONCLUSION
For the above reasons, this Court declares that the language of G.L. 1956 § 45-19-1 does not provide the plaintiff with the relief that he seeks and G.L. 1956 § 45-19-1 does not provide for a bifurcation of pension and medical benefits when the Town has a disability pension system in place, as it does in the present case. Accordingly, the plaintiff's Motion for Summary Judgment is denied, and the Town's Cross-Motion for Summary Judgment is granted.
Counsel for the Town shall prepare and submit an appropriate Order for entry after notice.