J. JOSEPH NUGENT, *Atty. Gen., ex rel.* EDGAR W. LOGEE *vs.* JOSEPH A. BRISTOW.

JULY 15, 1960.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

PAOLINO, J. This is a petition in equity in the nature of quo warranto under general laws 1956, §10-14-1. The action was brought in the name of the attorney general at the relation of Edgar W. Logee to determine title to the office of the minority member of the board of canvassers and registration of the town of Narragansett.

The following pertinent allegations are set out in the petition. The relator was elected under G. L. 1956, §17-8-1, as amended, to fill an unexpired term which ended on November 19, 1959. By virtue of G. L. 1956, §17-8-2, as amended, now §17-8-1, he was to hold the office during the remainder of said term and until his successor was elected

and qualified in accordance with the provisions of §17-8-1 which read as follows:

"Appointment of bi-partisan authority.—The legislative body of each city and town shall appoint a bi-partisan canvassing authority of three (3) qualified electors of said city or town, not more than two (2) of whom shall belong to the same political party. The mayor or the president of the town council shall nominate the members of said canvassing authority from lists of party voters submitted by the respective chairmen of the city or town political committee, which list shall contain the names of five (5) times the number of persons to be appointed. If the legislative body shall refuse to approve the nomination of any person to said canvassing authority, the mayor or said president shall submit to the legislative body another person named on one of said lists, and so on until a person shall be appointed; provided, however, if the chairman of the city or town committee of a political party entitled to an appointment shall fail or refuse to submit a list as aforesaid, the mayor or said president shall nominate any party voter of the political party entitled to said appointment."

On November 16, 1959 the chairman of the Democrat town committee of Narragansett, in accordance with the provision of §17-8-1, submitted to the president of the town council a list containing the names of five party voters from which a successor to the relator was to be nominated and elected. The council disapproved all the names on the list and also rejected those on a second list which had been presented at the request of the council president. After the committee chairman's refusal to submit a third list on the ground that the statute contemplated the submission of only one list, the town council voted approval of the council president's nomination of respondent, who was on neither list. The respondent was thereafter sworn into office and assumed the functions incident thereto.

The petition prays for the ouster of respondent and the

reinstatement of the relator on the grounds that the relator was lawfully appointed to said office; that the purported appointment of respondent was in violation of the provisions of §17-8-1; that the respondent is therefore a usurper; and that consequently the relator is the lawful incumbent of the office as a holdover.

The respondent demurred to the petition on the ground that §17-8-1 does not limit the number of lists of party voters to be submitted by the respective party chairmen. After hearing oral arguments, we overruled the demurrer on the ground that such section contemplates the submission of only one valid list of qualified party voters by the respective party chairmen and we held in effect that the members of the canvassing authority must be selected from such list. The respondent thereupon requested and was granted leave to file an answer within ten days.

The cause is now before us on the facts alleged in the petition and in respondent's answer, the parties having stipulated that the facts so pleaded are true and correct. We shall discuss only those factual matters which are pertinent to the issues raised by the pleadings.

In his answer respondent alleges that the relator in December 1959, while serving as a member of said board, accepted employment in the highway department of the town and thereby vacated his office as a member of the board and automatically disqualified himself from further service thereon by virtue of G. L. 1956, §17-8-15, as amended, now §17-8-2, which provides as follows:

"Term and qualifications for office.—Each member of a local canvassing authority shall be appointed to serve for a term of six (6) years beginning on the first Monday of March succeeding the date of his appointment and until his successor is elected and qualified; provided that all members of such boards in office [on May 19, 1958] shall serve for the remainder of their respective unexpired terms. *No person shall be appointed or serve as a member of such authority who*

*is an officer or employee of the United States or of this
state or of any city or town of this state, provided that
in any city a member of the authority may act as
clerk thereof.* Any member of said authority who be-
comes a candidate for election to any public office and
who fails to file a declination of said candidacy within
the time allowed by law, shall be disqualified from
holding membership upon said authority and his suc-
cessor shall be elected forthwith." (italics ours)

In our opinion there is merit in respondent's contention
that the relator disqualified himself from serving on the
board after he accepted other employment from the town.
The pertinent language of §17-8-2 is unambiguous and pre-
cludes an employee from serving as a member of said board.

However, there is no merit in respondent's contention
that the petition should be dismissed because of the rela-
tor's failure to prove title to the office in question. *Black* v.
*Cummings,* 62 R. I. 361, upon which respondent relies, is
of no help to him. The instant case, unlike the *Black* case,
has in effect been brought by the attorney general in the
public interest. In such circumstances the failure of the
relator to prove that he himself is entitled to the office in
question is not fatal to the petition. Under §10-14-2, this
court may determine title of the respondent. See *Gorham*
v. *Robinson,* 57 R. I. 1, 43.

As we have already indicated in overruling respondent's
demurrer, the statute clearly contemplates the submission
by a committee chairman of only one list and the filling
of vacancies from the names thereon. In view of such rul-
ing it is clear that the purported election of respondent
did not conform to the provisions of the statute and was
therefore unlawful. This case is governed by the language
of §17-8-1. *Ney* v. *Whitley,* 26 R. I. 464, and *McDermott*
v. *Lapham,* 18 R. I. 295, are not in point.

It is our opinion that the relator is not a lawful holdover
of the office in question; that the respondent is exercising
the incidents of said office without lawful authority; and

that under the statute the president of the town council is required to nominate, and the town council is required to elect, one of the eligible party voters on the first list submitted by the committee chairman. Therefore the respondent is ousted from said office and the town council should proceed to select from the first list a duly qualified nominee in accordance with this opinion.

On July 20, 1960 the parties may present for our approval a form of decree denying the petition as to the alleged right of the relator to the office and granting it as to the respondent's usurpation thereof.

*Domenic A. DiSandro, Jr.,* for relator.

*James O. Watts,* for respondent.