Sheldon WHITEHOUSE, in his Capacity as Attorney General for the State of Rhode Island

v.

Matthew MORAN, individually and in his capacity as a member of the Town of Tiverton Board of Canvassers.

No. 99–343–M.P.

Supreme Court of Rhode Island.

Oct. 29, 2002.

Thomas A. Palombo, Providence, for Plaintiff.

Charles Levesque, Middletown, Thomas S. Moran, for Defendant.

Present: WILLIAMS, C.J., and LEDERBERG, FLANDERS and, GOLDBERG JJ, and WEISBERGER, C.J. (Ret.).

## OPINION

PER CURIAM.

This case came before the Court for oral argument on September 24, 2002, pursuant to an earlier order that had directed counsel for the parties to file supplemental memoranda and to address additional is-

sues relating to the petition in equity in the nature of quo warranto filed by the Attorney General. This petition was brought originally in this Court to determine the right of Matthew Moran (respondent) to serve as a member of the Board of Canvassers (board) of the Town of Tiverton. The Attorney General (petitioner) challenged the propriety of the respondent's serving on the board on the ground that he was ineligible for such service, pursuant to the provisions of G.L.1956 § 17–8–2, because the respondent has been and is now employed as a public school teacher in the Town of New Shoreham and also is a part-time employee of the Department of Environmental Management (DEM) of the State of Rhode Island. He serves as a part-time park ranger.

The case was presented earlier to the Court for oral argument, on April 8, 2002, after which the parties were directed to file supplemental memoranda. The case was then reassigned to September 24 for the parties to show cause why the case should not be summarily decided. After hearing the arguments of counsel and examining the memoranda and the supplemental memoranda filed by the parties, we are of the opinion that cause has not been shown and that the case should be decided at this time. The facts of this case insofar as pertinent to this petition are as follows.

Moran was appointed to the board in July 1994. It is undisputed that he has served in this capacity honorably and effectively since that time. The petitioner does not allege that his service has been marred by any conflict of interest, either actual or potential. It is the contention of petitioner that respondent is ineligible to serve by reason of the provisions of § 17–8–2, which provides in pertinent part as follows:

"No person shall be appointed or serve as a member of the [canvassing] authority who is an officer or employee of the United States or of this state or of any city or town of this state, provided that in any city a member of the authority may act as its clerk."

The petitioner alleges that the terms of this statute are clear and unequivocal and have the effect of precluding the service of respondent or any other employee of this state or of any city or town thereof as a member of a board of canvassers. Consequently, the issue presented to this Court is purely a question of law. There are no disputed issues of fact. The respondent challenges this petition on three grounds, which will be considered in the order of their significance to this opinion.

## 1. Jurisdiction of this Court

The respondent argues that this case should have been brought in the Superior Court, since that court by statute has concurrent jurisdiction of the prerogative writ of quo warranto and also concurrent jurisdiction of an information in the nature of quo warranto. Both proceedings may be brought in the Superior Court, pursuant to G.L.1956 § 8–2–16.

As we pointed out in *Fargnoli v. Cianci*, 121 R.I. 153, 397 A.2d 68 (1979), both the writ of quo warranto and an information in the nature of quo warranto may be brought only by the Attorney General on behalf of the public to challenge the right of an individual to hold a public office. In 1891, the General Assembly enacted a statute, which is now codified as G.L.1956 § 10–14–1. This statute authorized the commencement of a petition in equity in the nature of quo warranto. This Court has sole original jurisdiction of such a petition. As we pointed out in *Fargnoli*, the petition in equity in the nature of quo warranto may be brought by a private

individual who not only seeks to oust a purported holder of an office, but also seeks that the petitioner be declared to be the rightful holder of the office. *See Fargnoli,* 121 R.I. at 162, 397 A.2d at 73.

■ Although the petition in equity in the nature of quo warranto was authorized to serve the need of a private individual who sought to establish his or her own title to the public office in issue, we see no reason why the Attorney General should not be allowed to institute such a petition on behalf of the public. We implied as much in *Nugent ex rel. Logee v. Bristow,* 91 R.I. 312, 163 A.2d 41 (1960), when the relator had brought such a petition in this Court and was unable to prove title to the challenged office. We allowed the petition to proceed since we concluded that the case had in effect been brought by the Attorney General in the public interest.

Since this case involves no issue of disputed fact and presents purely a question of law, we see no reason why we should not accept the statutory jurisdiction to determine this controversy as conferred upon us by § 10–14–1. The Attorney General had the choice to utilize any one of three alternative methods to challenge the respondent's right to serve as a member of the board of canvassers. He chose the petition in equity in the nature of quo warranto as the most expeditious of the three. There is no reason to decline jurisdiction in the circumstances of this case.

## 2. The Applicable Statute

The respondent argues that § 17–8–2 has been superseded by G.L.1956 § 17–1–5.1 Section 17–1–5.1 provides as follows:

"(a) A municipal employee may hold a state elective office or a municipal elective office provided that, except as authorized pursuant to subsection (c) of this section, no municipal employee may hold a municipal elective office in the city or town in which he or she is employed, and a state employee may hold any municipal elective office. Any provision in any state law, municipal ordinance, or city or town charter prohibiting a municipal employee from holding state elective office or municipal elective office other than in the town where he or she is employed or a state employee from holding a municipal elective office is declared null and void.

"(b) The provisions of this section do not apply to school teachers of the individual cities and towns as defined in title 16.

"(c) Notwithstanding the provisions of the first sentence of subsection (a) of this section, a city or town may, by charter or ordinance, permit a municipal employee of that city or town to hold office of school committee person in that city or town."

■ The foregoing statute would arguably permit respondent to serve in a municipal elective office in the town in which he resides, as long as he is not employed in that particular town. The difficulty with this argument is that § 17–8–2 applies specifically to the office of a member of a board of canvassers, while § 17–1–5.1 is a general statute applying to a variety of elective offices. Although it is somewhat doubtful that the office of a member of a board of canvassers is an elective office, (members of the board are appointed by the town council, pursuant to G.L.1956 § 17–8–1) we shall assume, without deciding, for purposes of this opinion, that it might be so construed. In any event, the general rule of statutory construction clearly provides that when a statute of general application conflicts with a statute that specifically deals with a special subject matter, and when the two statutes cannot be construed harmoniously together, the special statute prevails over the

statute of general application. This rule of construction is set forth in G.L.1956 § 43–3–26. *See also Police and Firefighter's Retirement Association of Providence v. Norberg,* 476 A.2d 1034, 1036 (R.I.1984). Thus, assuming that the two statutes are in conflict (although it could be persuasively argued that there is no conflict since membership on the board of canvassers is an appointive rather than an elective office, *see* § 17–1–2(1)), nevertheless, § 17–8–2 would prevail. Under this statute, the respondent is ineligible to serve as a member of a canvassing authority.

### 3. Constitutionality of Section 17–8–2

The respondent challenges the constitutionality of § 17–8–2 on the ground that it interferes with his First Amendment right to hold a public office and that it denies him equal protection of the law under the Fourteenth Amendment to the United States Constitution. This type of challenge was raised before this Court in *In re Advisory from the Governor,* 633 A.2d 664 (R.I.1993), which sought the opinion of the justices in regard to legislation which prevented elected officials from seeking or accepting employment with another state agency while the official was in office and for a period of one year thereafter. This Court, relying upon *Clements v. Fashing,* 457 U.S. 957, 102 S.Ct. 2836, 73 L.Ed.2d 508 (1982), held that the constitutionality of this legislation would be determined utilizing a rational basis test.

Applying such a test, we held that there was a rational basis for the legislative determination that the "revolving door" restrictions would avoid the appearance of impropriety on the part of elected officers through the potential use of their positions as public officials for private gain or advantage.

In *Clements,* the Supreme Court of the United States upheld two provisions of the Texas Constitution that limited a public official's ability to become a candidate for elective public office against a challenge based upon the Equal Protection Clause of the Fourteenth Amendment. Justice Rehnquist, speaking for the Court, declined to recognize candidacy as a fundamental right, so as to require heightened equal protection scrutiny. The Court also rejected a challenge based on the First Amendment to the Federal Constitution. It declined to apply strict scrutiny on the ground that the legislation did not significantly impair interests protected by the First Amendment.

In *Clements,* the Court also cited *Broadrick v. Oklahoma,* 413 U.S. 601, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973) and *United States Civil Service Commission v. National Association of Letter Carriers, AFL–CIO,* 413 U.S. 548, 93 S.Ct. 2880, 37 L.Ed.2d 796 (1973). In these cases, the Court upheld restrictions upon political activity including candidacy for office by federal and state employees as not being a substantial infringement upon a First Amendment right. In both cases, a rational basis test was utilized. It was determined that the interest in insulating public employees from participating in partisan political activities was justified to guarantee the protection of employees from the vicissitudes of the elective process. Both the Oklahoma statute and the Federal Hatch Act were upheld against both Equal Protection and First Amendment challenges.

■ Applying the rational basis test to the facts to the case at bar, we conclude that the Legislature of this state has a significant interest in protecting the elective process from the perception of impropriety, even though no actual impropriety is present. A board of canvassers

has the authority and the obligation to regulate and manage the conduct of elections in a municipality, to supervise the exercise of the franchise for local, state, and national offices. The boards oversee the registration of voters, maintenance of voting lists, declarations of candidacy, nominations, and the qualifications of electors. These powers are central to and form the foundation of the electoral process. The determination by the Legislature that the exercise of these sensitive functions requires that a member of the board forego public employment cannot be said to be lacking in a rational purpose designed to guarantee not only the impartiality of the canvassing authority, but also the perception of the purity of the process. We do not review the wisdom of the legislation, but only determine whether it is a rational exercise of legislative power to achieve a reasonable end. We cannot say that this statute is irrational, arbitrary or lacking in a rational legislative purpose.

Consequently, the petition of the Attorney General is hereby granted. The respondent is declared ineligible to hold the office of a member of the Board of Canvassers of the Town of Tiverton. Even though he has committed no impropriety, he may not serve in this capacity while he is employed by a municipality and/or the State of Rhode Island.