Keven McKENNA, et al.

v.

Frank J. WILLIAMS, et al.

No. 2005–05–144 M.P.

Supreme Court of Rhode Island.

May 13, 2005.

James Lee, Providence.

## AMENDED ORDER

This case came before the Supreme Court on May 12, 2005, upon a petition for writ of certiorari and motion to stay all proceedings in the Superior Court by the defendants, Frank J. Williams, Chief Justice of the Rhode Island Supreme Court, in his individual capacity (Chief Justice Williams); Donald Carcieri, in his capacity as Governor of the State of Rhode Island; Girard Visconti, in his capacity as Chair of the Rhode Island Judicial Nominating Commission; and Paul Tavares, in his capacity as Treasurer of the State of Rhode Island.

The plaintiff/respondent, Keven A. McKenna, P.C., a Rhode Island Corporation, authorized to practice law in Rhode Island, and Keven A. McKenna, in his personal capacity, (plaintiff or McKenna) has filed a complaint against the above-named defendants, pursuant to the Rhode Island Uniform Declaratory Judgment Act, chapter 30 to title 9 of the General Laws, seeking declaratory and injunctive relief.

In his complaint, McKenna asserts that Chief Justice Williams has vacated his office as Chief Justice of the Rhode Island Supreme Court because, on September 21, 2004, he "was sworn to a Federal office as a member of the Military Review Panel of the United States Department of Defense." The plaintiff contends that the

office of Chief Justice was vacated "pursuant to the provisions of Article III, § 6 of the R[hode] I[sland] State Constitution." Consequently, McKenna claims entitlement to "Affirmative Declaratory Judgments."

McKenna seeks a declaration that the office of Chief Justice of the Rhode Island Supreme Court is vacant; he also prays that the Superior Court restrain the Chief Justice from occupying his office; and restrain the Governor "from not notifying the R.I. judicial Nominating Commission of the vacancy in the office of the Chief Justice," restrain and enjoin the chair of the judicial Nominating Commission "from not submitting eligible names of nominees to the office of the Chief Justice; and restrain the General Treasurer of the state from issuing salary checks to the Chief Justice." Pursuant to G.L. § 8–2–23, three-judge panel was constituted by the Presiding Justice of the Superior Court.

The defendants moved to dismiss the action pursuant to Rule 12(b)(6) of the Superior Court Rules of Civil Procedure. They further contend that McKenna lacks standing to prosecute this claim. The defendants also moved for a stay of the Superior Court proceedings pending a ruling on defendant's motion to dismiss the complaint for lack of standing. Additionally, defendants have sought the transfer of this case to the Supreme Court in accordance with G.L. § 9–24–27 on the ground that the "sole and exclusive jurisdiction for the action now pending in the Superior Court lies within this Court." The defendants contend, *inter alia*, that this petition, although labeled an action for declaratory relief "is, in reality, a Petition in the Nature of Quo Warranto in that an individual seeks to remove our lawfully appointed Chief Justice from his office." Thus, defendants contend that the Superior Court

lacks subject matter jurisdiction over this claim.

On May 11, 2004, the Superior Court, after hearing arguments of counsel, rejected the lack of standing claim, denied the defendant's motion to stay the proceedings and issued an order that discovery may proceed in its ordinary course.

In addition, the justices continued to May 20, 2005 McKenna's motion to disqualify the Attorney General from representing the Chief Justice in this case.

On May 12, 2005, a single justice of this Court met with counsel for the parties pursuant to defendants' petition for certiorari and request for a stay *pendente lite*. The Court, in conference, took up the petition for writ of certiorari and motion for stay of proceedings. After review of the petition for writ of certiorari and motion for stay, the Court concludes that at present, the question of plaintiff's standing to bring this claim is potentially dispositive. "A necessary predicate to a court's exercise of its jurisdiction under the Uniform Declaratory Judgments Act is an actual justiciable controversy." *Meyer v. City of Newport*, 844 A.2d 148, 151 (R.I.2004) (internal quotations omitted). Furthermore, pursuant to G.L. § 8–2–16, the Superior Court has concurrent jurisdiction with this Court over the writ of quo warranto and an information in the nature of quo warranto. However, these actions can only be brought by the Attorney General on behalf of the public to challenge the right of an individual to hold a public office. *Whitehouse v. Moran*, 808 A.2d 626, 628 (R.I. 2002). Although G.L. § 10–14–1 authorizes the commencement of a petition in the nature of quo warranto, this Court has sole original jurisdiction of a petition in the nature of quo warranto. *Id.* Accordingly, we deem it appropriate to address the justiciability of this claim.

Further, the Superior Court's subject matter jurisdiction has been called into question by defendants. In *Fargnoli v. Cianci*, 121 R.I. 153, 397 A.2d 68 (1979), this Court vacated, on jurisdictional grounds a Superior Court judgment rendered in a multi-count "class action for injunctive relief" following a two day trial. This Court vacated the judgment on the ground that the claim to retain a public office was in actuality a petition in equity in the nature of quo warranto, an action within the exclusive jurisdiction of this Court. We also noted that the plaintiffs "had no standing because of a lack of aggrievement." *Id.* at 160, 397 A.2d at 72. It would be a needless waste of judicial resources and unduly burdensome on the parties for the Superior Court to continue this litigation in the absence of a determination as to its justiciability.

Accordingly, the following Order shall enter:

1. The petition for writ of certiorari is granted and all proceedings in the Superior Court are stayed pending further order of this Court.

2. The parties are directed to appear before the Supreme Court on May 24, 2005, in order to show cause why this petition for certiorari should not be summarily decided.

3. Each party is directed to file with this Court, on or before May 19, 2005, a memorandum of law, not exceeding 20 pages in length.

Chief Justice WILLIAMS did not participate.